CAMPBELL *v.* ARCENAUX et al.

Where a judgment has been rendered against one of two defendants, but in favor of the other, and the former appeals, but, asking no judgment against his co-defendant, does not make him a party to the appeal, and the plaintiff acquiesces in the judgment in favor of the latter by suffering it to become final without appealing therefrom, he cannot have the appeal dismissed on the ground that the defendant, in whose favor judgment was rendered, was not made a party to the appeal.

The authority of an attorney of record is presumed. It cannot be impugned by a mere suggestion.

APPEAL from the District Court of Lafayette, *Overton*, J. *Brent* and *Moulon*, for the plaintiff. *Crow*, appellant, *pro se.* *W. B. Lewis*, on the same side. The judgment of the court was pronounced by

EUSTIS, C. J. In February, 1834, at a judicial sale made by the judge of the parish of Lafayette, of the effects of the succession of *Herbert Eastin*, deceased, a lot of ground, with the improvements thereon, was adjudicated to the plaintiff, for the sum of $1510, payable one-half in 1835, and the other in 1836.

The plaintiff alleges that he discovered, in July, 1845, that no title whatever to the property had been conveyed to him by the adjudication; that the defendant *Marie B. Arcenaux*, the surviving widow of *Herbert Eastin*, held herself out as administratrix; that, the defendant, *Basil C. Crow*, acted as her agent and attorney in fact in the mortuary and judicial proceedings of the succession of *Herbert Eastin*; and that the defendants are bound to make good his title, or to reimburse to him the price which he has paid; that the defendants have intermeddled with the administration of the succession, and are liable to him in damages. The plaintiff prays for judgment against the defendants, *in solido*, accordingly. In a supplemental petition it is charged that, if the

defendant, *Crow*, was not in fact the agent and attorney of *Madame Arcenaux*, he fraudulently led the plaintiff into error, by so representing himself, stating that, the widow was really the administratrix, and that the proceedings relating to the adjudication were regular and in due form, when he knew the contrary ; and that, if said proceedings were irregular and contrary to law, the defendants combined to defraud the plaintiff, and to induce him to pay said purchase money to said *Crow ;* that all the proceedings in the matter of the succession were illegal, and that neither of the defendants had a right to receive the price. There was judgment in the court below in favor of the defendant *Madame Arcenaux*, and against the defendant *Crow*, who has appealed. No appeal has been taken from the judgment against the co-defendant, nor is she a party to this appeal.

It does not appear that the plaintiff has ever been disturbed in the possession of the property, nor that the validity of his title has ever been questioned by the heirs or creditors of the deceased. The interest of the plaintiff in the lot, as well as his right of action in this suit, appear to have been transferred to *John G. Howard*, for whose benefit this suit is still prosecuted. No exception having been mdee to this assignment, we shall examine the case as it stands in the record between the original parties.

A motion has been made to dismiss this appeal, on the ground that the co-defendant, *Madame Arcenaux*, has not been made a party to the appeal. The appellant asks nothing against his co-defendant from this court, and, if the plaintiff considered it material to have her a party to the appeal, nothing prevented him from making her a party. So far from doing this the plaintiff has acquiesced in the judgment rendered in favor of *Madame Arceuaux*, by suffering it to become final without having taken an appeal from it. The motion, therefore, fails.

The charges against the appellant, it will be perceived, are vague, and somewhat inconsistent. We are far from concurring in the opinion which the plaintiff appears to entertain, about the invalidity of his title ; but our present inquiry is, as to the responsibility of the appellant to him, under the evidence. We are satisfied that the appellant was the authorized agent of *Madame Arcenaux*, for the settlement of her husband's succession. He was her attorney at law for the professional business of the succession, and, for other matters, he was her attorney in fact. Not that he had any special power for such acts, but we think, that he was employed generally, as attornies at law frequently are employed, to settle the affairs of the succession of the husband. The utter impossibility of any other conclusion, is established by the documentary evidence before us. For instance, there is in evidence a provisional tableau of distribution of the funds of the succession of *Herbert Eastin*, signed by the appellant as the attorney for the petitioner, *Madame Arcenaux*, administratrix of the succession, in which she claims its homologation, and the distribution of the funds under it. It bears date of filing, the 10th of December, 1836, and is signed by the judge of probates. In this tableau the administratrix puts down the sum of $7000, collected by her, and to be distributed.

It is obvious that we cannot permit a party to impugn the authority of the attorney on a mere suggestion, and refuse effect to this formal recognition of the funds of the estate being in the hands of the administratrix. Such a course is repugnant to all sound rules of law, and to the authority which courts are bound to accord to their officers. As far as it regards the responsibility of the defendant

CAMPBELL
v.
ARCENAUX.

to the plaintiff, it is quite immaterial whether the administration of *Madame Arcenaux* was as administratrix, especially so appointed, or as tutrix of her minor children. *Bryan* v. *Atchison*, 2 An. 463. If the appellant was not the attorney of the widow for the settlement of the seccession, who was her attorney? Who transacted the business for her? or, did she transact it herself? These questions must be satisfactorily answered, adversely to the appellant, or the acts of the attorney performed in her name, about her interests and business, and in matters of moment, about which she could not be ignorant, must stand as her acts.

The plaintiff, after remaining in undisturbed possession of the property purchased since 1834, the only parties who would have any right to question his title, acquiescing in it—the proceeds of the property, as we are bound to conclude, distributed among the creditors, has, under these circumstances, instituted this suit against the appellant; does not appeal from the judgment rendered against him, in favor of the person, who, if there be any responsibility in the business, would be liable to him as a principal, but insists that *Crow*, her attorney, is bound to perfect his title, or to reimburse him his purchase money. Finding that *Crow* was the attorney of *Madame Arcenaux*, that he did not exceed his powers, that he never warranted the title, nor was bound to the plaintiff *ex contractu*, it is clear that *Crow* can only be responsible to the plaintiff for acts *ex delicto*. For his acts as attorney he is bound to his clients; but there is no evidence, that we have been able to discover, which establishes any intermeddling, misrepresentation, deception, combination, or fraud, towards the plaintiff, or any act for which he can lawfully seek redress against him, by a suit at law.

The judgment of the District Court is, therefore, reversed; and judgment rendered for the defendant, with costs in both courts.