137 So.2d 76 (1962)
Mrs. Mary Ann DIPUMA, Administratrix,
v.
Sam ANSELMO et al.
No. 5274.
Court of Appeal of Louisiana, First Circuit.
January 29, 1962.
*77 H. Alva Brumfield and Velma P. Gerding, Baton Rouge, for appellant.
McGehee & McKinnis, by E. Drew McKinnis, Baton Rouge, for appellee.
Before LOTTINGER, LANDRY and REID.
LANDRY, Judge.
Solely in the capacity as Administratrix of the succession of her deceased mother, Rosa Stabile Anselmo (Graphia), widow of Frank Anselmo, appellant, Mary Ann Dipuma, brought this action to partition a tract of land situated in East Baton Rouge Parish, Louisiana, containing 107.5 acres, and allegedly owned in indivision by decedent Rosa Stabile Anselmo and defendants Sam, Joe and Tony Anselmo (sons of said decedent and brothers of Administratrix) in the proportion of an undivided one-half to the estate of decedent Rosa Stabile Anselmo and an undivided one-sixth interest each to defendants Sam, Joe and Tony Anselmo. From the judgment of the trial court rejecting her demand and dismissing her said suit, said Administratrix has taken this appeal.
There is little dispute concerning the facts giving rise to this litigation. Decedent Rosa Stabile and Frank Anselmo were lawfully married in Italy in the year 1887 and thereafter migrated to this country. On the petition of decedent Rosa Stabile Anselmo, the District Court of East Baton *78 Rouge Parish (wherein decedent and her husband then resided) rendered judgment dated June 14, 1900 in favor of said decedent granting her a separation in property from her said husband subsequent to which Frank Anselmo acquired several pieces of property including the tract of 107.5 acres involved herein. Frank Anselmo died during the year 1928, leaving a last will and testament in which he bequeathed to his widow, Rosa Stabile Anselmo, six acres of the tract in dispute in this litigation without specifically describing or otherwise designating the particular six acres intended to be thusly conveyed to his said wife. The remaining 101.5 acres of subject tract was left by said testator to his three sons, Sam, Joe and Tony Anselmo (defendants in the present suit) subject to the usufruct of one acre thereof to be taken from the southern portion of the property in favor of testator's daughters provided they resided thereon. The bequest of the bulk of subject property to defendants herein was in the nature of an onerous donation inasmuch as their legacy was contingent upon their assumption of a mortgage in the principal sum of approximately $2,400.00 then outstanding against the entire 107.5 acre tract including the six acres thereof bequeathed to said testator's surviving widow.
Following the death of Frank Anselmo, his last will and testament was duly probated and by judgment dated November 21, 1928, the legatees thereunder (including decedent Rosa Stabile Anselmo) were recognized as owners and placed in possession of their respective legacies. Although decedent Rosa Stabile Anselmo made no formal appearance in the succession proceedings of her said husband, by the judgment of possession rendered therein she was recognized as owner and sent and placed in possession as legatee under the will of the following described property.
"6 (Six) acres of land to be taken from the one hundred and seven and a half (107½) acre tract described in the inventory herein filed, situated on the Middle Highland Road this Parish and State acquired by the deceased as per * * *."
Subsequent to rendition of the aforesaid judgment in the succession of decedent Frank Anselmo agreement was reached between Rosa Stabile Anselmo and her three sons, Tony, Joe and Sam, whereby decedent selected a specific six acre tract measuring one acre front by six acres in depth in fulfillment of her legacy and built thereon a residence which she occupied until her death which occurred August 17, 1950. No deed to the six acre tract thus accepted by Mrs. Anselmo was ever confected between her and her said sons although there is some evidence to the effect the site chosen was staked out by defendants prior to their mother's assumption of possession thereof. In any event it is conceded that after taking possession of the parcel designated as her legacy Mrs. Anselmo took possession and control thereof as owner and continued in such capacity until June 13, 1949, on which date she formally conveyed said six acres to her said sons, Joe, Tony and Sam by deed reciting that the property therein sold was the same property acquired by vendor as legatee under the last will and testament of her late husband, Frank Anselmo. The entire 107.5 acre tract has now been partitioned by its owners, Sam, Joe and Tony Anselmo.
Of the marriage between decedents Frank Anselmo and Rosa Stabile eight children were born including defendants herein and five daughters two of whom died prior to institution of the present suit leaving issue. Prior to institution of the present action, plaintiff herein, Mary Ann Anselmo Dipuma, individually and as Administratrix of the estate of decedent Rosa Stabile Anselmo, together with plaintiff's sister, Rosalie Anselmo Cauley, initiated an action similar to the case at bar wherein they sought substantially the same relief prayed for by plaintiff herein. It is conceded by counsel for plaintiff-appellant that the former action brought jointly by appellant and her sister has been voluntarily dismissed. After dismissal of said former action *79 brought jointly by Mrs. Cauley and appellant herein, Mrs. Cauley filed suit (separate and apart from the succession proceedings of her deceased mother) in which action she cumulated a petitory action to recover subject property with an action to effect its partition. Subsequent to the filing of the aforesaid separate action by Mrs. Cauley, plaintiff, as Administratrix of the estate of her deceased mother, filed the suit at bar solely in her representative capacity as Administratrix. Plaintiff does not sue herein individually and as heir of her deceased mother and neither is plaintiff joined herein by any heir of decedent Rosa Stabile Anselmo. By agreement of the parties the separate suit of Mrs. Cauley was consolidated with the action by Mrs. Dipuma as Administratrix.
To these consolidated actions defendants, Joe, Sam and Tony Anselmo, filed exceptions of no right and no cause of action as well as pleas of prescription, estoppel and res adjudicata. The exceptions of no cause and no right of action filed on behalf of defendants were overruled by the trial court and the remaining pleas referred to the merits. After trial on the merits the lower court sustained defendants' pleas of estoppel and dismissed the suit filed by Mrs. Cauley as well as that filed by appellant herein. Mrs. Cauley did not appeal from the judgment rejecting her demands consequently as to her separate action the judgment of the trial court is now final and conclusive.
The only matter before the Court on this appeal, therefore, is the action of Mrs. Dipuma who, in her representative capacity as Administratrix of the estate of her deceased mother, Rosa Stabile Anselmo, seeks to provoke a partition of property allegedly owned in common with others by the decedent whose succession she represents as Administratrix.
The theory of appellant's entire case is predicated on the alleged nullity of the judgment obtained by decedent Rosa Stabile Anselmo in 1900 decreeing a separation of property between said decedent and her husband, Frank Anselmo. In this regard, counsel for appellant maintains that said judgment being null the 107.5 acre tract acquired by Frank Anselmo during his marriage to decedent Rosa Stabile therefore fell into the community of acquets and gains existing between them, consequently, upon the death of her husband, decedent Rosa Stabile Anselmo acquired an undivided half interest therein. Despite said contentions we note that plaintiff's petition does not pray for the nullity of the judgment of separation of property rendered in 1900 but merely that the estate of decedent Rosa Stabile Anselmo be recognized as owner of an undivided half interest in subject property and the partition of the entire tract be decreed.
As previously shown, the learned trial court sustained defendant's pleas of estoppel and dismissed plaintiff's suit. Without implying that the action of the trial court was erroneous in this regard, we prefer to dispose of plaintiff's appeal on other legal grounds urged by defendants initially in the court below and reurged before this court on appeal. We conclude that, for reasons hereinafter set forth, plaintiff herein is without right to assert the nullity of the judgment of separation of property rendered in favor of decedent Rosa Stabile Anselmo on June 14, 1900.
Examination of the proceedings in the suit filed by decedent Rosa Stabile Anselmo on June 14, 1900, praying for a separation of property from her husband, Frank Anselmo, reveals a petition filed by said decedent as Wife of Frank Anselmo, said petition being addressed to the Judge of the 22nd Judicial District, East Baton Rouge Parish, wherein (according to said petition) both said plaintiff and defendant resided. The petition further recites that plaintiff and defendant were previously married in Italy in the year 1887 and that, at the time of said marriage, plaintiff owned separate and paraphernal property. Next, the petition avers that defendant husband was insolvent and that plaintiff, being a *80 public merchant, desired a separation of property in order that she might conduct her business affairs free of the claims of her husband's creditors. The prayer of the petition requests a separation of property, a dissolution of the community of acquets and gains existing between the parties and judgment in favor of petitioner granting her the right to sole and separate administration of her paraphernal estate. The petition, signed by attorney, is followed by an order of Court dated June 14, 1900, authorizing the plaintiff therein to institute said suit and stand in judgment therein. Following said order is an acceptance of service and a waiver of all legal delays appearing over defendant's signature which is attached thereto by mark. The minutes of the court of June 14, 1900, show that the suit was taken up and assigned instanter and, after introduction of evidence and submission of the matter, judgment rendered in favor of plaintiff and against defendant at the latter's cost, said judgment granting plaintiff the full measure of relief therein prayed for. Also appearing in the record of said suit is a note of evidence which in substance supports the allegations of the petition. It does not appear that an answer was filed therein or that preliminary default was entered against defendant and it is upon this basis that plaintiff herein predicates her attack on said judgment contending that issue was never joined, therefore, the judgment in question was null and void. In substance plaintiff contends said judgment was obtained in proceedings instituted without authority of the plaintiff named therein and without joinder of issue as to defendant named in the petition.
A well established rule of ancient origin prevailing in this state holds to the effect that the authority of an attorney at law cannot be impugned by a mere suggestion and such a challenge will not be considered unless made under oath. Hayes v. Cuny, 9 Mart (O.S.) 87; Succession of Patrick, 20 La.Ann. 204; Campbell v. Arcenaux, 3 La.Ann. 558; City of New Orleans v. Steinhardt, 52 La.Ann. 1043, 27 So. 586, 46 L.R.A. 193. Moreover, it is established jurisprudence in this state that the oath of the attorney for an opposing litigant is not sufficient to overcome the presumption that an attorney who appears in court to represent a litigant is authorized to do so. Plaquemines Parish School Board v. Davis, La.App., 32 So.2d 391. It has been also held that the authority of an attorney by whom an action was brought may not be attacked collaterally. Succession of Patrick, 20 La.Ann. 204.
Regarding the action to nullify judgments the applicable law of this state, Article 606 of the Revised Code of Practice of 1870, provides as follows:
"[Art.] 606 Vices of form.The vices of form for which a judgment can be annulled are the following:

* * * * * *
4. If the defendant has not been legally cited, and has not entered appearance, joined issue, or had not a regular judgment by default taken against him."
In interpreting the foregoing codal article the courts of this state have held that the causes of nullity therein provided for may be asserted by collateral attack, Key v. Jones, La.App., 181 So. 631; McClelland v. District Household of Ruth, La.App., 151 So. 246; Andrews v. Sheehy, 122 La. 464, 47 So. 771.
The record clearly demonstrates that Frank Anselmo, defendant in the separation of property suit filed by decedent Rosa Stabile Anselmo, appeared in said matter on June 14, 1900 and waived service of citation as well as all legal delays. The judgment rendered pursuant to his said appearance as hereinabove indicated stood unchallenged on the public records for well more than fifty years preceding the filing of the instant litigation.
In substance Article 612 of the Revised Code of Practice of 1870 provides that *81 even a judgment absolutely null may nevertheless become binding upon the party who, though present in the parish, suffers same to be executed without objecting thereto. We note in said Article 612 the following:
"[Art.] 612. Want of jurisdiction over person or incompetency of judgeRight to raise question.The nullity of a judgment rendered against a party without his having been cited, or by an incompetent judge, even if all the formalities of the law have been observed, may be demanded at any time, unless the defendant were present in the parish, and yet suffered the judgment to be executed without opposing the same. * * *"
Voluntary acquiescence by defendant in a judgment precludes his right to assert its nullity. Succession of Corrigan, 42 La.Ann. 65, 7 So. 74; Andrews v. Sheehy, 125 La. 217, 51 So. 122; King v. King, 155 La. 19, 98 So. 742.
In Key v. Jones, La.App., 181 So. 631, a judgment was attacked because of an alleged lack of citation. Defendant who could neither read nor write denied having signed by mark the answer appearing in the record and further denied having authorized filing of an answer in his behalf. Despite the fact defendant's testimony was uncontradicted the court upheld the validity of the judgment attack stating, inter alia:
"A judgment rendered and signed by a competent court should not be declared null save when the evidence clearly establishes good cause for the nullity; and especially should this rule prevail when it has remained on the public records and has been a part of the court's archives for nearly half a century, as appears in the present case. A court will view with searching scrutiny evidence intended to set aside such an ancient judicial order. If the bare testimony of a litigant in such circumstances, wholly unsupported, is to have such controlling influence, then the stability of judicial proceedings may easily be undermined and the security which should flow from solemn judicial decrees materially impaired or utterly destroyed."

* * * * * *
"To accept his testimony at face value would necessarily stigmatize the record of the reputable firm of lawyers who represented Susan in the case. It would convict them of practicing a rank fraud upon the court of which they were a part. It should require evidence of a most dependable and convincing character to warrant a court to do so. We shall not do so." 181 So. 631, 634, 635.
The record in the instant case shows that Frank Anselmo resided in East Baton Rouge Parish until his death. Following entry of the judgment of separation of property in favor of his wife on June 14, 1900, he acquired various properties and treated them as belonging to his separate estate even to the extent of making a dation en paiement of an undivided half-interest in certain of said properties to his wife. In his will he disposed of said property as belonging to his separate estate and bequeathed a portion of same to his wife, Rosa Stabile Anselmo. Having unmistakably acquiesced in the judgment rendered against him, it is apparent that neither he nor any person deriving any rights through him may now seek to annul the judgment in question.
This brings to the issue of whether plaintiff in said separation of property suit (or anyone claiming through her) is possessed of the right to assert the nullity of said judgment in these or any other proceedings. We wish it clearly understood we pretermit entirely the question of plaintiff's right to institute this action in her capacity as Administratrix of decedent's succession for the obvious reason that, irrespective of plaintiff's rights and powers as Administratrix, she can possess *82 no greater right than was held by the decedent whose estate she represents.
It is of considerable significance that in the controversial separation suit filed by decedent Rosa Stabile Anselmo said petitioner was granted full relief prayed for. We submit that as an elementary principle of law if a defendant who acquiesces in a null judgment is thereby precluded from asserting its nullity, legal as well as equitable principles require that a successful plaintiff who acquiesces in such judgment must likewise be held powerless to subsequently avow its impotence. In this connection it appears that decedent Rosa Stabile Anselmo was a resident of East Baton Rouge Parish wherein the judgment was sought and obtained. The allegations in her petition set forth that she operated a mercantile establishment and desired to maintain same free from the claims of her husband's creditors. Subsequently she accepted from her husband a dation en paiement of an undivided half interest in two city lots which he purchased after rendition of the property separation. Upon the death of her husband she made no appearance in his succession and claimed no rights or property as widow in community. Additionally, she accepted the bequest of six acres of her husband's separate property left to her in the former's will, took possession of her said legacy and subsequently sold the six acres left her as legatee as well as the undivided interest in the two city lots acquired pursuant to the previously mentioned dation en paiement. Granting that the description of the six acre tract acquired by bequest was not specifically described in the act by which she conveyed same to defendants herein she unmistakably expressed the intent to convey the exact property acquired as the legatee of her husband. It cannot be seriously argued that decedent Rosa Stabile Anselmo completely and unequivocally acquiesced in the validity of the judgment granting her a separation of property from her husband and having done so she may never question its validity. There being no community of acquets and gains existing between Rosa Stabile Anselmo and Frank Anselmo on the date of acquisition of subject property, said wife has no claim thereto as surviving spouse in community.
The law of this state gives to any person owning property in indivision with another the absolute right to demand a partition thereof. LSA-R.C.C. Article 1289. However, it is fundamental law that to maintain an action in partition the party provoking the suit must own an interest in the property sought to be divided. Decedent Rosa Stabile Anselmo possessed no interest in subject property and was, therefore, without capacity to stand in judgment in a suit to partition same. It follows, therefore, that plaintiff, as Administratrix of said decedent's estate, is possessed of no greater right than decedent herself and accordingly, plaintiff is without right to maintain this action.
The judgment of the trial court dismissing plaintiff's action is, therefore, affirmed.
Affirmed.