JONES, Judge.
Plaintiff, Michael Ansalve challenges the validity of a default judgment rendered in his favor against defendants, Ruben Tucker and Allstate Insurance Company in the amount of $1,649.55 plus interest and costs. Plaintiff also challenges the adequacy of the quantum of the award. For the reasons herein given, we affirm the judgment of the trial court as it relates to Allstate Insurance Company and reverse the judgment of the trial court as it relates to Ruben Tucker.
STATEMENT OF THE CASE
On September 20, 1991, the plaintiff, Michael Ansalve filed an action for damages against Ruben Tucker and Allstate Insurance Company, Mr. Tucker’s insurer. Plaintiff sought damages for injuries that *117 occurred as a result of an automobile accident. Service of citation and petition was made on the defendant, Allstate Insurance Company, on October 1, 1991. However, service of citation was not made on Ruben Tucker until November 23, 1991.
On October 21, 1991, the plaintiff filed a Motion for Default wherein he requested that the court order the entry of a preliminary default against Allstate Insurance Co. An order was signed by the Court on that very day granting the plaintiffs request. On October 24, 1991, the plaintiff appeared before the trial judge for a hearing to confirm the default judgment. After listening to the testimony of the plaintiff and his wife, the court took the case under advisement. On October 29, 1991, the trial court rendered judgment in favor of the plaintiff and against the defendants, Allstate Insurance Co. and Ruben Tucker in the amount of $1649.55 plus interest and costs. The judgment awarded $1500 general damages and $149.55 for actual medical expenses incurred by the plaintiff.
On November 4, 1991, the defendants tendered a check to plaintiffs counsel for the amounts due pursuant to the October 29, 1991 judgment. However, the plaintiff did not accept the check as full payment of the judgment. On November 5, 1991 the plaintiff filed a motion for a partial new trial arguing that the judgment rendered and signed by the Court on October 29, 1991, was contrary to the law and the evidence with respect to the issue of damages and the weight and sufficiency of the evidence. In the memorandum which he filed in support of his motion for new trial, the plaintiff argued that the judgment rendered against Ruben Tucker should be annulled pursuant to the provisions of La. C.C.P. art. 2002 in that at the time the Motion for Default was filed and at the time when the judgment was rendered, Ruben Tucker had not been served. Plaintiff requested that the court grant his motion for a new trial, increase the general damages awarded, and that the “judgment of October 29, 1991 be corrected to exclude Ruben Tucker, under Art. 2001 of the Louisiana Civil Code.”
Defendants, represented by the same counsel, filed an opposition to the plaintiffs motion for new trial. In the opposition, defendant, Ruben Tucker sought to expressly waive service and both defendants sought to accept the default judgment, and confess to the judgment rendered and signed on October 29, 1991. Defendants argued that they had voluntarily acquiesced to the judgment by tendering payment to the plaintiff on November 4, 1991 and urged the court to uphold the default judgment which had been rendered against them. On December 3, 1991, the trial court denied the plaintiffs motion for a partial new trial. Plaintiff subsequently perfected this appeal.
QUANTUM
The first issue to be addressed is whether the trial court erred in awarding only $1500 general damages.
The plaintiff cites several cases in which claimants with back and neck injuries were awarded judgments ranging from $12,000 to $16,000. The plaintiff argues that the disparity between these figures and the $1500 general damages awarded to him amounts to an abuse of discretion by the trial court. We disagree.
The test for reviewing the adequacy of a trial court’s award of damages was enunciated in Reck v. Stevens, 373 So.2d 498, 501 (La.1979) wherein the court stated:
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.
* * * * * *
Thus, the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion’, La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the *118 facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive ... or insufficient_ Only after such determination of abuse has been reached, is a resort to prior awards appropriate under CoCo [v. Winston Industries, Inc., 341 So.2d 332 (La.1977) ] for purposes of then determining what would be an appropriate award for the present case. (Citations and footnotes omitted.)
Pursuant to this mandate, the individual circumstances peculiar to this case must be considered without referring to a collection of other cases to determine whether the trier of fact abused his great discretion. Coleman v. Douglas Public Service, Inc., 423 So.2d 1205, 1208 (La.App. 4th Cir.1982), writ denied, 429 So.2d 153 (La.1983).
The trial judge is in the best position to evaluate the credibility of the witnesses, including their testimony about the nature and extent of their injuries. Boehm v. Bienemy, 508 So.2d 159, 162 (La.App. 4th Cir.1987). For this reason, the judge’s findings of fact are entitled to great weight and will not be disturbed unless there is a clear abuse of discretion. Covington v. Dept. of Transp., 411 So.2d 660, 663 (La.App. 4th Cir.1982). Since the trial judge has wide discretion in determining the amount of damages, the determination of quantum by the trier of fact will not be changed unless it was “manifestly erroneous.” Johnson v. Carter, 430 So.2d 1163, 1166 (La.App. 1st Cir.1983).
Plaintiff’s argument that the trial court abused its discretion in awarding general damages in the amount of $1500 has no merit. In the present case, the trial judge based his determination on the testimony of two witnesses, the plaintiff, Michael An-salve and his wife, Denise Ansalve. At the hearing on the confirmation of the default judgment against Allstate, the plaintiff testified concerning the pain he experienced in his jaw, back, and neck because of the injuries he suffered in the accident. The only witness called to corroborate his injuries was his wife, Denise Ansalve, who testified concerning her observations of the discomfort he suffered because of his injuries. The plaintiff submitted medical bills totalling $149.55. There was no testimony from any physician or medical expert. Nor did the plaintiff submit certified medical documents to substantiate his injuries. The trial judge was therefore required to determine quantum based solely upon the testimony of Michael and Denise Ansalve.
Based upon the meager testimony presented at the hearing, the trial court did not abuse its discretion in awarding the plaintiff $1500.00 in general damages plus $149.55 special damages which constituted the total amount of his medical bills.
VALIDITY OF THE DEFAULT JUDGMENT
The second issue to be addressed by this court is whether the trial court erred in rendering a default judgment against Ruben Tucker.
Plaintiff argues that the judgment of October 29, 1991, is invalid because service of citation and petition had not been made upon Ruben Tucker at the time that the judgment was rendered. Further, the plaintiff only took a preliminary default against Allstate, not Ruben Tucker. We agree with plaintiff’s contention that the judgment of October 29, 1991 is invalid insofar as it relates to Ruben Tucker. For this reason, the trial court erred when it failed to grant the plaintiff’s request to annul the judgment pursuant to the provisions of La.C.C.P. art. 2201 et seq.
In order for a default judgment to be valid, the court must have jurisdiction over the parties. Jurisdiction can be based upon service of process on the defendant, or the submission of the party to the exercise of jurisdiction over him by the court. La. C.C.P. art. 6. A default judgment may not be taken against a person who had not received citation and service thereof. La. C.C.P. art 1201, Clay v. Clay, 389 So.2d 31 (La.1979). Nor can a default judgment be entered against the defendant until fifteen days after service of citation. La.C.C.P. art. 1001, La.C.C.P. art. 1701.
*119 At the time that the default judgment of October 29, 1991 was rendered, Ruben Tucker had never been served. Thus, the trial court clearly lacked personal jurisdiction over Ruben Tucker. The effect of a judgment rendered under these conditions was addressed in Livingston Parish Police v. Patterson, 589 So.2d 9 (La.App. 1 Cir.1991) wherein it was stated:
A final default judgment obtained without a valid preliminary default is an absolute nullity. Glessner v. Hyatt, 380 So.2d 222 (La.App. 3rd Cir.1980). (emphasis added)
Id. at 10.
Since the court lacked personal jurisdiction over Ruben Tucker and since the requirements of La.C.C.P. art. 1701 were never satisfied, the default judgment of October 29, 1991 is an absolute nullity insofar as it relates to Ruben Tucker. For this reason, the trial court erred when it rendered a final default judgment against him. However, since Allstate was properly served and an order of default properly entered against it, the judgment is legal and final against Allstate.
Plaintiff argues that because the judgment rendered against Ruben Tucker was an absolute nullity, La.C.C.P. article 2002(2) requires a mandatory annulment of the judgment of October 29, 1991. Plaintiff cites the following language of La. C.C.P. art. 2002 to support his argument:
A final judgment shall be annulled if it is rendered:
[[Image here]]
(2) Against a defendant who has not been served with process as required by law and who has not made a general appearance, or against whom a valid judgment by default has not been taken;
[[Image here]]
Plaintiffs argument has merit insofar as it applies to Ruben Tucker. However, since Allstate was properly served, the judgment is legal in all respects insofar as it applies to Allstate.
Defendants argue that pursuant to the provisions of La.C.C.P. art. 2003, Ruben Tucker’s waiver of service, voluntary acquiescence of the judgment and remittance of the payment forecloses the mandatory annulment of the judgment which is required by La.C.C.P. art. 2002(2). This argument has no merit.
La.C.C.P. art. 2003 provides:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
The provision of this codal article, which prohibits a defendant who voluntarily acquiesces in a judgment from seeking to annul the judgment are not applicable to this situation where it is the plaintiff who is seeking the annulment.
In Dipuma v. Anselmo, 137 So.2d 76 (La.App. 1st Cir.1962), the court stated that “if a defendant who acquiesces in a null judgment is thereby precluded from asserting its nullity, legal as well as equitable principles require that a successful plaintiff who acquiesces in such a judgment must likewise be held powerless to subsequently avow its impotence.” Id. at 81-82. Thus, principles of equity might dictate that a default judgment be annulled if it is shown that the plaintiff voluntarily acquiesced to the judgment. However, such is not the case here. Although the defendants tendered payment, the plaintiff never accepted the payment as full satisfaction of the debt owed by Ruben Tucker. Rather, the plaintiff continued to pursue his attacks on the judgment rendered by the trial court. Since the plaintiff never acquiesced in the judgment, he is not estopped from seeking to annul the judgment.
Nor do we find merit in the defendants’ contention that the plaintiff cannot challenge the validity of the judgment because the defendants confessed judgment after the rendition of the default judgment. Assuming that the alleged confession of judgment was valid, it can only operate as a bar to prohibit the confessing party, i.e. the defendant, from challenging the validity of the judgment. It cannot act as a bar to *120 prevent a review of the judgment at the request of the plaintiff.
For the foregoing reasons, that portion of the judgment holding Allstate Insurance Company liable to the plaintiff in the amount of $1649.55 plus interest and costs is affirmed. That portion of the judgment holding Ruben Tucker liable to the plaintiff is reversed.[1]
Each party to this appeal is to pay his own costs.
AFFIRMED IN PART AND REVERSED IN PART.
LANDRIEU, J., concurs with reasons.
WARD, J., concurs in part; dissents in part.
WALTZER, J., concurs in part; dissents in part.
BARRY, J., dissents as to Allstate Ins. and concurs as to Mr. TUCKER, with reasons.

. As a practical matter, any error committed by the trial court may be harmless in that for res judicata purposes, the identities of the insured and insurer are merged into one, to the extent of the policy limits. Hannie v. Wall, 569 So.2d 1044, 1050 (La.App. 3rd Cir.1990), writ not considered, 573 So.2d 1116 (La.1991), reconsideration denied, 576 So.2d 23 (La.1991); Cornish v. Freeman, 451 So.2d 148 (La.App. 1st Cir.1984), writ denied, 458 So.2d 476 (La.1984). However, since La.C.C.P. art. 927 requires the objection of res judicata to be specially pleaded, this court is without authority to supply the objection.