h MURRAY, Judge,
Defendant-relator, State Farm Mutual Automobile Insurance Company (State Farm), asserts that the court below erroneously overruled its exception of no cause of action and denied its motion for summary judgment.[1] For the reasons which follow, we reverse.
The Ansalves’ petition asserts that effective January 23, 1992, State Farm arbitrarily and capriciously refused to renew their automobile liability insurance policy. Claiming that this action was based upon State Farm’s inadequate investigation of certain accidents, the nonrenewal is alleged to constitute an unfair trade practice, a bad-faith breach of contract, and a breach of the duty of good faith and fairness owed to the insureds. The Ansalves seek reinstatement of their coverage and, because they have been forced to pay a higher premium for a comparable policy with another company, compensatory and punitive damages for their economic losses, emotional distress, embarrassment and humiliation.
State Farm responded that the plaintiffs’ insurance policy was not renewed due to Michael Ansalve’s driving record, which included two accidents and one traffic violation between August 1990 and June 1991. By the exception and motion at issue here, the defendant argued that this suit must be dismissed because nonrenewal of a [2policy is not actionable under R.S. *950 § 22:1220, and because the undisputed facts demonstrate that the nonrenewal did not violate R.S. § 22:1466.
In opposition, the Ansalves asserted that R.S. § 22:1220 was violated when State Farm unilaterally decided to settle a third-party claim arising from one of the accidents, when, in fact, Mr. Ansalve was only partially at fault. Additionally, they argued that State Farm demonstrated bad faith because it based its decision not to renew on an accident in which the other driver and insurer had admitted liability, a violation of R.S. § 22:1466.
Upon consideration of the evidence and arguments, the trial court overruled State Farm’s exception and denied the motion for summary judgment, stating that “there exists a genuine issue of material fact concerning the application of LSA R.S. 22:1220(a) and LSA R.S. 22:1466 and the good faith of State Farm Mutual Automobile Insurance Company.”
State Farm argues that the exception of no cause of action should have been maintained because the Ansalves have failed to allege any conduct that is prohibited by La. R.S. § 22:1220.
The standards for evaluating an exception of no cause of action are well established:
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Kuebler v. Martin, 578 So.2d 113 (La. 1991).
Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993) (footnote omitted).
|sLa. R.S. § 22:1220 provides in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus fine insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
The Supreme Court has held that R.S. § 22:1220 A does not impose a separate broad duty on the part of insurers, but instead “that the legislature intended Subsection B to constitute an exclusive list of the types of conduct for which damages and penalties can be sought by insureds *951 and third-party claimants pursuant to the statute.” Theriot v. Midland Risk Ins. Co., 95-2895, p. 7 (La.5/20/97), 694 So.2d 184, 188.
In this case, the only wrongful conduct alleged in the initial and amending petitions is (1) State Farm’s refusal to renew the Ansalves’ coverage and (2) the insurer’s failure to settle the instant claim prior to suit. Clearly, a failure to renew a policy is not one of the acts enumerated in R.S. § 22:1220 B. Furthermore, we find that on the facts alleged here, State Farm’s refusal to settle the Ansalves’ present |,(Claim was in no way arbitrary or capricious, and does not fall within any of the provisions of Subsection B. Accordingly, the allegations of the petition fail to support a cause of action under R.S. § 22:1220.
State Farm next contends that it is entitled to .summary judgment dismissing the claim under R.S § 22:1466 because Michael Ansalve was at least partially at fault in each of the three traffic incidents considered, in its decision not to renew.
A summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966 B. Facts are material when their existence or nonexistence may be essential to plaintiffs claims under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. An appellate court reviews a motion for summary judgment de novo, based upon the same considerations as in the trial court. Id. at 26, 639 So.2d at 750.
La. R.S. § 22:1466 provides:
A.No insurer shall increase the rate, increase or add a surcharge, cancel, or fail to renew any policy of motor vehicle insurance when such action is based on consideration of one or more nonfault incidents.
B. In this Section, “nonfault incident” means an accident, collision, or other incident involving a vehicle covered by a policy issued by the insurer in which the driver of the insured vehicle was not at fault, regardless of whether the incident was reported to any law enforcement agency.
C. Any insurer who violates this Section shall refund to the insured person the amount of premium which was paid which exceeded the premium which would have been charged if the insurer had complied with this Section, together with a penalty payment in amount equal to triple the amount of the refund or one thousand dollars, whichever is greater. The insured shall also be entitled to attorneys fees should he prevail.
IrD. Notwithstanding any other provision of law to the contrary, one or more nonfault accidents or collisions shall not be the sole basis for an insurer’s denial of an application for a policy of motor vehicle insurance nor shall such an accident or collision be considered by an insurer in determining the rates for such a policy. In addition, no insurer shall require that such coverage be provided by another insurer based solely upon such an accident or collision.
There are no reported cases interpreting this statute. •
The record of this matter contains ample evidence of the circumstances surrounding Mr. Ansalve’s two accidents during the period in question. The first of these accidents occurred on September 22, 1990 as Mr. Ansalve was attempting to pass another vehicle on a two-lane road. According to Mr. Ansalve, he was totally without fault for this accident because his truck was almost ahead of the other vehicle before the other driver suddenly turned left. However, the other driver, Ruben Tucker, claimed that his turn signal was on and he had begun to turn when Mr. Ansalve hit him. Mr. Ansalve was given a ticket at *952 the accident scene for improper passing, but said it was eventually dismissed. Based upon the contradictory statements by the two drivers, State Farm agreed to pay more than $10,000, representing fifty percent of Mr. Tucker’s damages, rather than litigate the claim. On the other hand, evidence also established that the Ansalves obtained a default judgment against Mr. Tucker and Allstate Insurance Company for their damages resulting from this accident.[2]
The second accident, a five-car chain reaction, occurred during a heavy rain in May 1991. Although Mr. Ansalve’s vehicle was fourth in the chain, and he admitted being unable to stop in time to avoid hitting vehicle # 3, he testified at his deposition that the accident was due to the heavy rain, an eighteen-wheeler that splashed water up from the roadway, and the lead driver’s over-reaction to that curtain of water. 1 ^Furthermore, his initial impact with car # 3 was only a minor bump; the majority of damages to everyone in the chain resulted, in his opinion, when car # 5 smashed into his truck, forcing him forward again. Litigation arising from this accident was still pending at the time Mr. Ansalve was deposed in November 1992.
A traffic citation for running a red light, issued to Mr. Ansalve on August 27, 1990, was also cited by State Farm as a basis for nonrenewal of the policy. Although he acknowledges that he pled guilty and paid the fine for his own convenience, Mr. An-salve testified at his deposition that the signal was still yellow when he entered the intersection, so he was not, in fact, guilty of any offense.
In opposition to State Farm’s motion for summary judgment, the Ansalves contend that Mr. Tucker, rather than Mr. Ansalve, was at fault for the September 1990 accident. Therefore, they argue, State Farm has violated R.S. § 22:1466 A by considering at least one “non-fault” incident in its decision not to renew their coverage. In the alternative, the plaintiffs maintain that the apportionment of Michael Ansalve’s fault, as well as the question of State Farm’s good faith in settling with Mr. Tucker, present genuine issues of material fact that prevent summary judgment.
State Farm responds that while the degree or proportion of fault attributable to Michael Ansalve in each of the two accidents might be debatable, in neither case can it be said he was totally free from fault, as suggested by the language of Subsection B of R.S. § 22:1466. Because there is no indication that the Legislature intended to abrogate an insurer’s traditional policy right to settle third-party claims without a judicial determination of fault,[3] State Farm contends that the statute cannot be read to require it to litigate this issue with its insureds before it is allowed to decline renewal 17of a policy. Additionally, the defendant maintains that because the statute is punitive in nature it must be given a strict construction, imposing penalties only if bad faith is clearly demonstrated. State Farm thus argues that, as a matter of law, it is entitled to a judgment dismissing the Ansalves’ claims for relief under this statute.
On the evidence presented here, we can find no basis for an award of damages to the Ansalves for a violation of R.S. § 22:1466. The statute states that an insured’s right to continued coverage is protected only if he is not at fault in incidents reported to the insurer. The use of this absolute and unequivocal phrase conveys the intent to include only those events for which it is clear that there could be no finding of contributory negligence by the driver of the insured vehicle. As State Farm notes, the broader interpretation *953 urged by the Ansalves would not necessarily protect consumers from an unjustified termination of coverage, but would instead lead to increased litigation of the fault issue at the expense of negotiated settlements. Had the Legislature intended to prohibit consideration of incidents in which the insured driver was not totally at fault, or had not been adjudged at fault, it clearly could have said so. Therefore, based upon the evidence regarding Mr. Ansalve’s 1990-91 driving record, we hold that State Farm’s decision not to renew his policy did not constitute a violation of R.S. § 22:1466 A. Accordingly, the summary judgment dismissing this claim should have been granted.
For the reasons assigned, we reverse the trial court’s judgment. State Farm’s exception of no cause of action is maintained, and the motion for summary judgment is granted, dismissing the plaintiffs’ claims under R.S. §§ 22:1220 and 1466.
REVERSED AND RENDERED.

. Although the district court was also presented with, and overruled, an exception of res judicata, State Farm does not now challenge that portion of the judgment at issue.

. This court subsequently affirmed the judgment against Allstate, but nullified as to Mr. Tucker because he had not been cited and served prior to judgment. See Ansalve v. Tucker, 617 So.2d 116 (La.App. 4th Cir.1993).

. The policy at issue expressly provides that “We [State Farm] have the right to investigate, negotiate and settle any claim or suit.”