754 So.2d 1057 (1999)
HOME DISTRIBUTION, INC. d/b/a Southern Daiquiris
v.
DOLLAR AMUSEMENT, INC.
No. 98 CA 1692.
Court of Appeal of Louisiana, First Circuit.
September 24, 1999.
Writ Denied February 4, 2000.
*1058 Charlotte A. Pugh, Harris & Pugh, Denham Springs, for Plaintiff-Appellant Home Distribution, Inc., d/b/a Southern Daiquiris.
E. Wade Shows, Carlos A. Romanach, Shows, Call & Burns, Baton Rouge, for Defendant-Appellee Dollar Amusement, Inc.
Before: SHORTESS, PARRO, and KUHN, JJ.
PARRO, J.
The issue in this case is whether a judgment rendered in an eviction suit by the City Court of Baton Rouge is null due to the court's lack of subject matter jurisdiction. An action to nullify the judgment in the eviction suit was dismissed, and this appeal followed. After evaluating the record and applicable law, we reverse and render.

FACTUAL AND PROCEDURAL BACKGROUND
On July 24, 1997, Home Distribution, Inc., d/b/a Southern Daiquiris (Southern), filed a petition for eviction in the City Court of Baton Rouge against its tenant, Dollar Amusement, Inc. (Dollar). Dollar leased floor space in Southern's business premises for coin-operated amusement devices and video poker machines under two leases signed with Southern's former owners, Danny Crosby and Carey Bennett.[1] The leases were signed June 8, 1994, and were for a term of three years, to commence when the video poker machines were installed and operable, and to be automatically renewed for a like term unless written notice of termination was received by Dollar at least sixty days before the end of the lease term. The rental due to Southern under the leases was 60 percent of the monthly net device revenues. *1059 Southern alleged in the eviction petition that it had given Dollar timely notice of termination and notice to vacate, but Dollar had refused to leave the premises.
At the trial of the eviction suit, Southern failed to establish the date when the video poker machines were installed and operable, and therefore was unable to prove that its termination letter and eviction notice were timely under the lease provisions and applicable law. Dollar moved for involuntary dismissal of the eviction suit, which was granted by the court in a judgment signed September 19, 1997. Southern's motion for new trial was denied. Southern did not appeal the judgment dismissing its eviction suit.
After retaining a new attorney, Southern filed a petition to nullify the judgment, alleging the City Court of Baton Rouge did not have jurisdiction over the subject matter, because the amount in controversy exceeded its jurisdictional limits. The petition for nullity alleged that the lease payments exceeded $6,000 per month. In answers to requests for admissions, Dollar admitted it paid Southern in excess of $1,500 per month every, month after installing the video poker devices at Southern's premises. Dollar answered the complaint and filed a peremptory exception of no cause of action. Dollar alleged that, under the applicable statutes and jurisprudence, when the lease is for a year or other term, the unexpired rent due at the time of the proceeding fixes the jurisdiction. Because this lease had a three-year term and Southern represented the lease had expired, Dollar contended there was no unexpired rent due when the eviction suit was filed. Therefore, Dollar claimed the City Court of Baton Rouge had jurisdiction over the subject matter. The court granted the exception of no cause of action and dismissed Southern's suit. Southern appealed.

DISCUSSION

Action to Nullify
This action to nullify a final judgment is brought under the provisions of Article 2002 of the Louisiana Code of Civil Procedure, which mandates annulment in certain narrowly prescribed situations. One of these grounds for annulment is when the judgment has been rendered by a court which does not have jurisdiction over the subject matter of the suit. LSA-C.C.P. art. 2002(A)(3). If the rendering court did not have jurisdiction over the subject matter of the suit, an action to annul its judgment may be brought at any time. LSA-C.C.P. art. 2002(B). The absolute nullity of a judgment may be pled by any person whose interests may be affected by the judgment. Andrews v. Sheehy, 122 La. 464, 471, 47 So. 771, 773 (1908); Garrett v. Ernest, 369 So.2d 713, 719 (La. App. 1st Cir.), writ denied, 371 So.2d 1340 (La.1979). However, a defendant who voluntarily acquiesces in the judgment may not annul it. LSA-C.C.P. art. 2003. If a defendant who acquiesces in a null judgment is thereby precluded from asserting its nullity, legal as well as equitable principles require that a successful plaintiff who acquiesces in such judgment must likewise be held powerless to subsequently avow its impotence. Dipuma v. Anselmo, 137 So.2d 76, 82 (La.App. 1st Cir.1962).
This case presents a highly unusual situation, in that the unsuccessful plaintiff in a lawsuit now seeks to have the adverse judgment in that case annulled because it should never have filed the case in that particular court. Although we could not find any case in which an unsuccessful plaintiff brought an action to nullify an adverse judgment, the analysis used by this court in the Dipuma case suggests that only a successful plaintiff is precluded from such a challenge. An unsuccessful plaintiff is, for these purposes, similar to a defendant against whom a judgment has been rendered. Applying the criteria of Article 2003, unless Southern completely and unequivocally acquiesced in that judgment, it had the right to question its validity.
*1060 The only course of action which might be considered acquiescence in this case is Southern's failure to appeal that judgment. An action for nullity is not a substitute for an appeal. State v. One 1990 GMC Sierra Classic Truck, 94-0639 (La.App. 4th Cir.11/30/94), 646 So.2d 492, 496, writ denied, 94-3171 (La.2/17/95), 650 So.2d 254. The judgment was adverse to Southern because Southern's attorney did not present crucial evidence to the trial court. Given this failure, Southern had no grounds for an appeal, and an appeal on any other basis than that asserted in this action for nullity would have been frivolous. Therefore, Southern's choice to bring this action, rather than to appeal the judgment, cannot be equated with acquiescence. When the basis for the nullity action is the court's lack of jurisdiction over the subject matter, it may be raised at any time and by any party whose interests are adversely affected. Obviously, the judgment dismissing its eviction suit affected Southern's interests. Accordingly, even though it was Southern who filed the eviction suit in the court which it now claims had no jurisdiction to hear the case, we conclude that Southern did not acquiesce in the adverse judgment and could therefore bring this action for nullity.

No Cause of Action
The peremptory exception pleading the objection of no cause of action is a procedural device used to test the legal sufficiency of the petition. In making the determination, all well-pleaded allegations of fact in the petition must be accepted as true, and no reference can be made to extraneous supportive or controverting evidence. The court must then determine whether the law affords any relief to the claimant if those factual allegations are proven at trial. Southside Civic Ass'n v. Warrington, 93-0890 (La.App. 1st Cir.4/8/94), 635 So.2d 721, 723, writ denied, 94-1219 (La.7/1/94), 639 So.2d 1168. If the allegations of the petition state a cause of action as to any part of the demand, the exception must be overruled. Kyle v. Civil Serv. Comm'n, 588 So.2d 1154, 1159 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La.1992). A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether, in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. City of New Orleans v. Bd. of Comm'rs of the Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, 253.
The burden of demonstrating that no cause of action has been stated is upon the exceptor. In reviewing a trial court's ruling sustaining an exception of no cause of action, the reviewing court should subject the case to a de novo review. City of New Orleans, 640 So.2d at 253.
Southern claimed in its petition to annul the judgment of the City Court of Baton Rouge that the court had no jurisdiction over the eviction suit because its jurisdiction was based on the amount of the monthly or yearly rent. According to the allegations of the petition, the rent paid by Dollar exceeded the jurisdictional limits of the court. Dollar raised the exception of no cause of action and argued that under the applicable law, when the lease is for a year or other term, the unexpired rent due at the time of the proceeding fixes the jurisdiction of the City Court. Dollar claimed that because this lease had a three-year term and Southern represented the lease had expired, there was no unexpired rent due when the eviction suit was filed. Therefore, Dollar argued the City Court of Baton Rouge had jurisdiction over the subject matter and for that reason, Southern had no cause of action to nullify the judgment rendered by that court.
Our review of the record in this matter reveals that there is no way to determine from the petition in the action to nullify *1061 the judgment how much, if any, unexpired rent was due when the petition for eviction was filed. Therefore, even if Dollar is correct concerning the applicable law, the basis for its exception of no cause of action cannot be determined by examining the petition for nullity filed by Southern.[2] However, accepting the allegations of Southern's petition as true, the petition does set forth facts which, if proven, would entitle it to the relief it seeks. Accordingly, the court erred in sustaining the exception of no cause of action, and its judgment dismissing Southern's suit must be reversed.
There is no additional evidence which need be presented to determine whether or not the City Court had jurisdiction over the subject matter of the eviction suit. Therefore, rather than remand this case for the trial court to make that determination, we will examine the merits of Southern's action to nullify the judgment in the eviction suit.

City Court's Jurisdiction over the Subject Matter in Eviction Suit
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. Subject matter jurisdiction cannot be conferred on any court, either by the plaintiff by bringing an action there or by the defendant by failing to except to the court's jurisdiction. See LSA-C.C.P. art. 3; Arnona v. Arnona, 477 So.2d 120, 122 (La.App. 4th Cir.), writ denied, 479 So.2d 367 (La.1985). A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3; Colacurcio v. Ledet, 94-1798 (La. App. 4th Cir.9/28/95), 662 So.2d 65, 66; St. Pierre v. Hirschfeld, 569 So.2d 222, 224 (La.App. 1st Cir.1990).
The subject matter jurisdiction of city courts is limited by the amount in dispute and by the nature of the proceeding. LSA-C.C.P. art. 4841(A). At the time this suit was filed, the pertinent provisions applicable to jurisdiction over eviction proceedings were set forth in Article 4844, as follows:
A. A parish court or city court shall have jurisdiction, concurrent with the district court, over suits by owners and landlords for the possession of leased premises as follows:
* * * * * *
(3) When the lease is by the month and the monthly rental is one thousand five hundred dollars or less.
(4) When the lease is by the year and the annual rental is eighteen thousand dollars or less.[3]
* * * * * *
Where the sole demand of the suit is to evict the defendant from certain premises, jurisdiction is determined solely by the rent paid for the premises or its fair rental value. Veillon v. Veillon, 517 So.2d 941, 945 (La.App. 3rd Cir.1987). A plaintiff in an eviction proceeding in a court of limited jurisdiction must allege or prove the amount in dispute as the basis for the subject matter jurisdiction of the court. If this basis for subject matter jurisdiction is not alleged or proved, and the defendant *1062 does not raise the issue, and thereafter judgment is rendered against the defendant, the defendant can attack the judgment on the grounds of lack of subject matter jurisdiction in an action of nullity. St. Pierre, 569 So.2d at 226.
Citing the St. Pierre case, Dollar argues that because Southern's petition in the eviction suit did not contain a subject matter jurisdiction allegation concerning the amount in dispute, Southern failed to establish an essential element of its case and the City Court's dismissal of the eviction suit was proper. Dollar further argues that whatever may have been the trial court's reasons for rendering a judgment, if the judgment is correct, it should be affirmed, citing Vig v. City of Shreveport, 28,530 (La.App. 2nd Cir.8/21/96), 679 So.2d 524, 526, writ denied, 96-2285 (La.11/15/96), 682 So.2d 775. However, the Vig case merely states the longstanding rule that the reviewing court looks to the judgment itself, not to the reasons for judgment, in determining whether the trial court was correct. That statement has no validity when examining whether the trial court had the jurisdiction to render any judgment at all. Dollar is disingenuous in suggesting that a judgment of dismissal of a plaintiff's suit for failure to establish its claim has the same effect as a judgment dismissing that suit for the court's lack of subject matter jurisdiction. The first has res judicata effect, whereas if the dismissal is for lack of subject matter jurisdiction, the plaintiff can still seek redress in the proper court.
To determine whether the court had subject matter jurisdiction over the eviction suit, we must examine the amount paid in rent. The lease document attached to the amended petition for nullity does not state a dollar amount for the rental; the rental is based on a percentage of the net monthly receipts from the amusement and video poker devices. However, the amended petition states the monthly rental paid exceeded $6,000 per month; an attached copy of a ledger sheet shows rental payments during six months in 1997 ranged from a low of $8,926 in August to a high of $13,782 in May. Additionally, Dollar admitted, in answers to requests for admissions, that it paid over $1,500 per month to Southern for each month during the lease term. At the time this suit was filed, the City Court's jurisdiction in eviction suits was limited to cases involving monthly rentals of up to $1,500 per month on a monthly lease, or up to $18,000 per year on an annual lease. On either basis, therefore, the court lacked subject matter jurisdiction over Southern's eviction suit and its judgment is void.

CONCLUSION
For the foregoing reasons, the judgment of the City Court of Baton Rouge sustaining Dollar's exception of no cause of action and dismissing Southern's nullity action is reversed. Judgment is hereby rendered, vacating the judgment of the City Court of Baton Rouge in the eviction action for lack of jurisdiction over the subject matter.
REVERSED AND RENDERED.
NOTES
[1] We note that this appeal does not involve the merits of the eviction suit, and the record before this court does not include a transcript of that proceeding. Other than statements in pleadings and briefs, this record has no evidence that the business premises and the leases of Southern were transferred from Crosby and Bennett to Home Distribution, Inc. Dollar argues that this court should therefore dismiss Southern's case on the basis of no right of action. However, because we do not have the complete record of the eviction suit, we cannot determine whether Southern presented evidence there to establish its right to bring that action. Furthermore, in this appeal we are not concerned with Southern's right to bring the eviction suit. The question before this court is whether the unsuccessful plaintiff in that suit has stated a cause of action challenging the validity of the judgment rendered against it in that suit. One of the issues this court must therefore determine is whether an unsuccessful plaintiff in a suit has a right of action in an action of nullity to challenge the rendering court's lack of jurisdiction over the subject matter of the original suit.
[2] However, Dollar is not correct concerning the applicable law. The case cited in support of this argument, Tete v. Hardy, 283 So.2d 252 (La.1973), evaluated the subject matter jurisdiction over an eviction suit in the First City Court of the City of New Orleans under constitutional provisions which no longer exist and statutes which have been amended. The applicable law no longer includes the provision that when there is a lease for a year or other term, it is the yearly or unexpired rent due at the time of the proceeding that fixes jurisdiction.
[3] This article was amended, effective August 15, 1999, raising the jurisdictional limit for eviction suits in the City Court of Baton Rouge to include those in which the monthly rental is $3,000 or less or the annual rental is $35,000 or less. 1999 La. Acts No. 102.