835 So.2d 778 (2002)
Hawatha MITCHELL, Zachary Mitchell, and Rosalind Smith, as Parent of Starshema Mitchell
v.
Russell BASS, Nobel Insurance Company and Safeway Insurance Company of Louisiana.
No. 2001 CA 2217.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*779 Robert Carter, Greensburg, for Plaintiffs-Appellees Hawatha Mitchell, Zachary Mitchell, and Rosalind Smith.
Steven M. Spiegel, Metairie, for Defendant-Appellant Russell Bass.
Colette Ranatza, Metairie, for Defendant-Appellee Nobel Insurance Company.
Keith Borne, Lafayette, for Defendant-Appellee Safeway Insurance Company of Louisiana.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, the trial court rendered a default judgment in favor of cross-claimant, Safeway Insurance Company of Louisiana, and against cross-defendant, Russell Bass, in the amount of $17,500.00. Mr. Bass appeals, alleging the default judgment should be declared a nullity because no proof of service exists. For the reasons that follow, we reverse the trial court's judgment and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, Hawatha Mitchell, Zachary Mitchell, and Rosalind Smith, as parent of Starshema Mitchell, were involved in an automobile accident on September 11, 1999, in Tangipahoa Parish. Alleging that they sustained injuries in the accident, plaintiffs filed suit naming as defendants Mr. Bass, the driver of the other vehicle involved in the accident; his liability insurer, Nobel Insurance Company ("Nobel"); and the UM insurer of the vehicle in which they were traveling at the time of the accident, Safeway Insurance Company of Louisiana ("Safeway"). In response to the plaintiffs' petition, Nobel and Safeway filed answers generally denying all of plaintiffs' allegations. Moreover, Safeway filed a cross claim against Mr. Bass, requesting judgment against him for all sums paid to plaintiffs under the uninsured motorist provisions of the Safeway policy.
On April 16, 2001, Safeway filed a motion and order for preliminary default alleging that domiciliary service had been made on Mr. Bass on December 29, 2000, and that no responsive pleadings or answers had been filed on his behalf. A preliminary default against Mr. Bass was subsequently entered by the trial court on April 18, 2001. Thereafter, pursuant to La.Code Civ. P. art. 1702(B)(2), Safeway submitted evidence by way of affidavit testimony seeking confirmation of the default. The default was confirmed on May 24, 2001, at which time the trial court rendered judgment in favor of Safeway and against Mr. Bass in the amount of $17,500.00, together with legal interest from the date of judicial demand.
It is from this judgment that Mr. Bass has appealed, assigning the following specification of error:
The trial court erred when it rendered a judgment by default against Russell Bass without adequate proof of service showing that Russell Bass received service of the citation and Cross-Claim filed by Safeway Insurance Company.

DISCUSSION
On appeal, Mr. Bass argues that the May 24, 2001 default judgment must be declared null because there is no evidence in the record of service of process. He maintains that without proof of service, all *780 subsequent proceedings are an absolute nullity. Based on our review of the record, we agree with Mr. Bass.
Louisiana Code of Civil Procedure article 1701(A) provides that a judgment of default or preliminary default may be entered if the defendant in the principal or incidental demand fails to answer within the time prescribed by law. Pursuant to La.Code Civ. P. art. 1001, a defendant shall file his answer within fifteen days after service of citation upon him. If no answer is filed timely, a judgment of default may be confirmed two days, exclusive of holidays, after entering of the judgment of default, by proof that establishes a prima facie case. La.Code Civ. P. art. 1702(A).
It is well settled that a default judgment may not be taken against a person who has not received citation and service thereof. Clay v. Clay, 389 So.2d 31, 35-36 (La. 1979). See also Spinks v. Caddo-Bossier Services, Inc., 270 So.2d 604, 607 (La.App. 2 Cir.1972). In order for a default judgment to be valid, the court must have jurisdiction over the parties. Ansalve v. Tucker, 617 So.2d 116, 118 (La.App. 4 Cir. 1993). Jurisdiction over the person must be based upon service of process on the defendant. La.Code Civ. P. art. 6. Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null. La.Code Civ. P. art. 1201.
We have carefully examined the record and fail to find evidence of service of process on Mr. Bass. Although Safeway contends in its motion for preliminary default that domiciliary service was made on Mr. Bass on December 29, 2000, there is absolutely no evidence in the record to confirm this assertion. In fact, Mr. Bass alleges on appeal that he was incarcerated at the time that service was allegedly made. As previously indicated, Safeway submitted its evidence by way of affidavit seeking confirmation of the preliminary default. Thus, there was apparently no confirmation hearing before the trial court. This finding is buttressed by the fact that there is no transcript of any court proceedings in the record, nor is there a minute entry indicative of same. Moreover, the exhibits attached to Safeway's affidavit do not contain any evidence regarding the alleged December 29, 2000 domiciliary service on Mr. Bass.
Based on these findings, it is clear that the trial court lacked personal jurisdiction over Mr. Bass when the preliminary default was entered on April 18, 2001, and subsequently when the final default judgment was rendered on May 24, 2001. The effect of a judgment rendered under these conditions was addressed by this court in Livingston Parish Police Jury v. Patterson, 589 So.2d 9, 10 (La.App. 1 Cir.1991), wherein we stated, "A final default judgment obtained without a valid preliminary default is an absolute nullity." Because the trial court lacked personal jurisdiction over Mr. Bass at all pertinent times herein, there was no valid preliminary default in the instant case. Accordingly, the final default judgment of May 24, 2001, is an absolute nullity and must be reversed.

CONCLUSION
For the above and foregoing reasons, the final default judgment rendered by the trial court on May 24, 2001, is reversed, and the case is remanded to the trial court for further proceedings. All costs associated with this appeal are assessed against defendant-appellee, Safeway Insurance Company of Louisiana.
REVERSED AND REMANDED.