GUIDRY, J.
 

 12AppelIant, Kelda Price, appeals from the judgment of the district court, dismissing her claims against the defendants, Kids World, Ankur Brambhatt, and Small World. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On July 17, 2006, Kelda Price filed a petition for damages, pro se, contending that the defendants’ acts of negligence and discrimination resulted in damages for mental grief; loss of love, affection, and companionship; and emotional distress, anguish, humiliation, and loss of enjoyment of life. Thereafter, on August 18, 2006, Price filed a motion for preliminary default, contending that the defendants had failed to timely file an answer to her petition. On August 23, 2006, the district court signed a judgment of default, finding that the defendants had failed to answer within the time prescribed by law. Additionally, the judgment adjudged that Price “have judgment and recover against defendants upon premise, damages for past, present, and future sufferings, mental anguish[,] emotional distress, humiliation,
 
 *994
 
 and all general and equitable relief from the date of [j Judicial demand together with legal interest until finally paid and for the cost of these proceedings.”
 

 On August 24, 2006, the defendants filed an answer to Price’s petition and asserted declinatory exceptions raising the objections of insufficiency of citation and insufficiency of service of process, and dilatory exceptions raising the objections of vagueness and nonconformity of the petition with the requirements of La. C.C.P. art. 891. Thereafter, Price filed a motion to confirm the preliminary default judgment, which was set for a hearing. The defendants subsequently filed a motion to strike the default judgment and motion to compel discovery responses. Following a hearing on the parties’ motions, the district court signed a judgment on February 28, 2007, sustaining all of defendants’ exceptions and granting the | ¡¡defendants’ motion to strike. The judgment ordered that the default judgment signed on August 23, 2006, be striken from the record and gave Price thirty days to amend her petition to remove the grounds for the objections or face dismissal of her action with prejudice.
 

 On December 20, 2007, the district coui't signed another judgment, giving Price an additional thirty days to comply with the judgment of February 28th and ordering her to amend her petition to remove the grounds for the objections, in default of which, Price’s action against the defendants would be dismissed with prejudice. On January 16, 2008, Price filed an amended petition for damages; however, the petition merely added the natural father of Price’s children as an additional plaintiff, and did not correct the deficiencies as contained in the February 28, 2007 judgment. Accordingly, on January 30, 2008, the defendants filed a rule to show cause why Price’s petition for damages should not be dismissed for failure to comply with the court’s conditions and terms reflected in the December 20, 2007 judgment.
 

 On July 29, 2008, the district court signed a judgment dismissing Price’s claims against the defendants with prejudice. Price now appeals from this judgment.
 

 DISCUSSION
 

 On appeal, Price seeks review of the district court’s dismissal of her claims against the defendants, as well as review of the trial court’s interlocutory judgments striking the default judgment from the record and granting defendants’ exceptions. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to her, in addition to the review of the final judgment.
 
 Judson v. Davis,
 
 04-1699, p. 8 (La. App. 1st Cir.6/29/05), 916 So.2d 1106, 1112,
 
 writ denied,
 
 05-1998 (La.2/10/06), 924 So.2d 167. Accordingly, we begin our discussion with | .(Whether the district court erred in granting defendants’ motion to strike the default judgment from the record.
 

 As previously stated, Price filed a motion for preliminary default on August 18, 2006, asserting that the defendants were served with notice of the lawsuit on July 31, 2006, and failed to timely file an answer to her petition. On August 23, 2006, the district court entered judgment of default in favor of Price for the defendants’ failure to answer Price’s petition within the time prescribed by law. However, this “preliminary default” also adjudged that Price “have judgment and recover against defendants upon premise, damages for past, present, and future sufferings, mental anguish[,] emotional distress, humiliation, and all general and equitable relief from the date of [j Judicial demand together with
 
 *995
 
 legal interest until finally paid and for the cost of these proceedings.”
 

 Defendants subsequently answered Price’s petition and asserted several exceptions, including the declinatory exceptions raising the objections of insufficiency of service of process and insufficiency of citation. Following Price’s filing of her motion to confirm the default judgment, defendants urged their motion to strike the “preliminary default judgment” from the record.
 

 Pursuant to La. C.C.P. art. 1001, a defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law. If the defendant fails to answer within the time prescribed by law, judgment by default may be entered against him. La. C.C.P. art. 1701(A);
 
 Mitchell v. Bass,
 
 01-2217, p. 3 (La.App. 1st Cir.11/8/02), 835 So.2d 778, 780. The judgment of default, or preliminary default, may be obtained by oral motion in open court or by written motion, and the judgment
 
 shall consist of merely an entry in the minutes.
 
 La. C.C.P. art. 1701(A).
 

 The preliminary default judgment at issue, however, consists of more than just an entry in the minutes and purports to be a final judgment, granting Price |damages, interest, and court costs. Further, the defendants have alleged that Price failed to serve two of the named defendants, particularly Ankur Brambhatt, with process and citation. According to the record, there is no evidence that Mr. Brambhatt was ever served with a copy of Price’s petition prior to her filing the motion for preliminary default. It is well settled that a default judgment may not be taken against a person who has not received citation and service thereof.
 
 Mitchell
 
 01-2217 at p. 3, 835 So.2d at 780. Accordingly, we find no error in the district court’s granting of defendants’ motion to strike.
 
 [1]
 

 With regard to the district court’s sustaining of defendants’ exceptions and ultimate dismissal of Price’s claims with prejudice, we likewise find no error. In the February 28, 2007 judgment, the district court sustained the defendants’ decli-natory exceptions raising the objections of insufficiency of service of process and insufficiency of citation, and dilatory exceptions raising the objections of vagueness and indefiniteness and nonconformity of the petition with La. C.C.P. art. 891. The district, court gave Price thirty days to amend her petition to effect service of process on Kids World and Ankur Bram-bhatt or face dismissal of her claims as to those two defendants, and also gave her thirty days to amend her petition to conform with La. C.C.P. art. 891 and to include sufficient detail of the material facts to support her assertions alleged therein or face dismissal of her claims against Kids World, Ankur Brambhatt, and Small World.
 

 The Louisiana Code of Civil Procedure sets forth a system of fact pleading.
 
 Teachers’ Retirement System of Louisiana v. Louisiana State Employees’ Retirement System,
 
 456 So.2d 594, 596 (La.1984). Louisiana Code of Civil Procedure article 854 provides that “all allegations of fact of the petition ... shall Lbe set forth in numbered paragraphs.” Article 891(A)
 
 *996
 
 further provides that a petition must contain “a short, clear, and concise statement of ... the material facts of, the transaction or occurrence that is the subject matter of the litigation.” To plead “material facts,” the petitioner must allege more than mixed questions of law and fact, such as that the defendant breached the contract or acted unreasonably. Rather, the Code requires the pleader to state what act or omission he or she will establish at trial.
 
 Fitzgerald v. Tucker,
 
 98-2313, p. 7 (La.6/29/99), 737 So.2d 706, 713.
 

 From our liberal review of the pleadings in the record, and considering Price is a pro se litigant, we find Price’s petition is completely devoid of any material facts, but rather, consists of mixed questions of law and fact, such as the allegations that defendants failed to “properly monitor, supervise and inspect employees in operations to take required degree of commensurate care and professionalism” and the defendants “prevent[ed] minor children ... from attending school because of discrimination and mother took part in protected activity reporting defendants bad-faith action” and that the defendants maliciously gave a “false report to investigating agency.” The district court gave Price thirty days to amend her petition, and by judgment signed on December 20, 2007, gave her an additional thirty days to comply with the February 28, 2007 judgment, in default of which her action against defendants would be dismissed in its entirety with prejudice.
 

 When the grounds of the objection pleaded in the dilatory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court, and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for noncompliance with this order. La. C.C.P. art. 933(B). In the instant case, the district court gave Price two opportunities to amend her petition to plead [ vmaterial facts in conformity with La. C.C.P. art. 891 and Price failed to do so. Accordingly, we find no error in the trial court’s July 29, 2008 judgment dismissing her claims against the defendants with prejudice.
 
 [2]
 

 In addition to Price’s assigning as error the district court’s granting of defendants’ motion to strike, sustaining of defendants’ exceptions, and dismissal of her claims against the defendants, Price also asserts that the district court was biased and asks this court to remand the matter to the district court for a hearing under La. C.C.P. art. 154. However, La. C.C.P. art. 154 provides:
 

 A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recu-sation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered,
 
 but prior to judgment.
 
 If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing, [Emphasis added.]
 

 Price did not file a motion to recuse the district court judge prior to rendition of
 
 *997
 
 judgment as is required. Accordingly, this assignment of error has no merit.
 

 Finally, defendants ask this court to award damages for frivolous appeal pursuant to La. C.C.P. art. 2164. However, defendants failed to file an answer to the appeal requesting such damages, and therefore, we are precluded from considering this issue.
 
 Kevin Associates, LLC v. Crawford,
 
 04-2227, p. 8 (La.App. 1st Cir.11/4/05), 917 So.2d 544, 550.
 

 | sCONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the district court. All costs of this appeal are assessed to the appellant, Kelda Price.
 

 AFFIRMED.
 

 [1]
 

 . Alternatively, even if we would not have found the district court was correct in granting defendants’ motion to strike the default judgment, Price's argument that she was entitled to confirmation of that default judgment would fail. It is well settled that a defendant may file his answer at any time prior to confirmation of default against him, and any default judgment granted after an answer has been filed is an absolute nullity. La. C.C.P. art.2002.
 

 [2]
 

 . Because we End the trial court was correct in sustaining defendants' dilatory exception raising the objection of nonconformity of the petition with the requirements of La. C.C.P. art. 891 and in dismissing Price’s petition for failing to comply with the court’s order to amend her petition to remove the grounds for the objection, we pretermit discussion of the trial court’s judgment as to the other exceptions.