CLARENCE E. McMANUS, Judge.
 

 | ^Defendant appeals from the confirmation of a default judgment against him. For the reasons that follow, we reverse the judgment confirming the default and remand for further proceedings.
 

 In addition, the parties submitted a “Joint Motion for Consent Judgment” requesting that the trial court’s decision be reversed and this matter remanded, which we referred to the merits of this appeal. Because of our opinion issued in this case, this motion is rendered moot.
 

 On January 16, 2008, plaintiff, Scott Jackson, d/b/a Jackson Industries, Inc., filed a Petition to Enforce Materialman’s Privilege & Suit on Open Account alleging
 
 *804
 
 that defendant Anthony Culotta was indebted to plaintiff in the amount of $88,540.00 plus reasonable attorney fees, costs and interests. On January 31, 2008, defendant filed for extensions of time to plead and was given an additional 30 days. On June 18, 2008, defendant filed a second motion for extension of time |3to answer. This motion was not signed by the trial court. No answer was filed in the record. Both parties appeared in proper person in this district court.
 

 On February 2, 2010, plaintiff obtained a preliminary default. The preliminary default was confirmed by judgment rendered on March 22, 2010. Defendant’s appeal from the confirmation of the default was granted on April 16, 2010.
 

 In this appeal, defendant alleges that he did not receive proper notice of the preliminary default as required by LSA-C.C.P. art. 1702(A).
 

 LSA-C.C.P. art. 1702(A) provides that: A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
 

 An appearance of record includes filing a pleading, appearing at a hearing, or formally enrolling as counsel of record.
 
 Perkins v. Carter,
 
 09-673 (La.App. 5 Cir. 12/29/09), 30 So.3d 862. If a judgment of default is confirmed before the expiration of the delay prescribed by statute, i.e., two legal days after entry of the preliminary default if no answer is timely filed or seven legal days after notice is sent if the defaulting party has made an appearance of record, the confirmation of the judgment of default is premature, and the judgment is null and invalid.
 
 Power Marketing Direct, Inc. v. Foster,
 
 05-2023 (La.9/6/06), 938 So.2d 662.
 

 In this appeal, defendant contends that he made an appearance in the record by the filing of his motion for extension of time. He further contends that he did |4not receive the seven day notice required by Art. 1702(A). In addition, the record does not contain any evidence showing that notice was sent.
 

 In brief to this Court, plaintiff admits that he did not send the proper notice, but contends that since defendant had notice of the suit, the purpose and intent of Art. 1702 was fulfilled.
 

 We agree that defendant made an appearance in the record by the filing of his motion for extension of time. After defendant failed to file his answer, plaintiff obtained the default judgment. Plaintiff admits that he failed to provide the seven day notice after obtaining the default judgment before appearing in court to confirm the default. Thus, the judgment confirming the default is therefore null. See
 
 Hicks v. Steve R. Reich, Inc.,
 
 38,424 (La. App. 2 Cir. 5/12/04), 873 So.2d 849.
 

 Accordingly, we vacate the judgment of March 22, 2010 confirming plaintiffs default and we remand this matter for further proceedings. The parties’ “Joint Motion for Consent Judgment” is rendered moot. Costs are assessed against appel-lee.
 

 
 *805
 

 REVERSED AND REMANDED; MOTION FOR CONSENT JUDGMENT RENDERED MOOT