GUIDRY, J.
|2Wells Fargo Bank, N.A. (Wells Fargo) appeals from a judgment of the trial court confirming a default judgment in favor of Diana Tonagel and ordering that the Order of Seizure entered on August 12, 2010, be vacated and that the seized property be returned to Tonagel; ordering that the mortgage loan be reinstated without penalty; awarding Tonagel damages and attorney’s fees on her reconventional demand; and ordering that the law firm of Dean Morris, LLP and attorney Charles H. Heck, Jr. be disqualified from representing any party relative to these proceedings. For the reasons that follow, we vacate the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On August 10, 2010, Wells Fargo filed a petition to enforce security interest by ex-ecutory process, seeking the issuance of a writ of seizure and sale of mortgaged property securing a 2009 loan made to Ms. Tonagel. An order commanding the St. Tammany Parish Sheriff (Sheriff) to seize *1264 and sell the property affected by the mortgage was issued on August 12, 2010. A writ of seizure was issued on the same date. Unable to effectuate service upon Ms. Tonagel, Wells Fargo moved to have a curator ad hoc appointed by the trial court. The trial court subsequently appointed attorney James Casey Fos to receive service.
Thereafter, on January 21, 2011, Mr. Fos, on behalf of Ms. Tonagel, filed a Petition for Injunction of Judicial Sale, Motion to Disqualify Counsel, and Recon-ventional Demand for Damages, Payment of Costs and Attorney’s Fees. In this pleading, Ms. Tonagel sought: to have the August 12, 2010 order of seizure and sale set aside and the writ of seizure recalled; to enjoin the Sheriff from proceeding with the sale of the property; reinstatement of the mortgage without penalties; to enjoin the law firm of Dean Morris and attorney Charles H. Heck, Jr. from acting as counsel for Wells Fargo; damages for Wells Fargo’s unauthorized Ruse of executory process; damages for Wells Fargo’s bad faith and unfair trade practices in violation of the Louisiana Unfair Trade Practices Act (UTPA); and attorney’s fees.
An order was subsequently signed by the trial court on January 24, 2011, granting a hearing for preliminary injunction of judicial sale, with, the date to be determined. It further ordered that Wells Fargo appear for a hearing on January 31, 2011, and show cause why the court should not enter an order in favor of Ms. Tonagel granting her request to vacate the order of seizure entered on August 12, 2010, for disqualification of counsel for Wells Fargo, and for an award of damages, costs, and attorney’s fees, reinstatement of the mortgage loan without penalty and/or all other relief as is reasonable. However, the parties subsequently agreed to re-schedule the judicial sale for a later date and continue the hearing.
Nevertheless, on May 6, 2011, Mr. Fos sent a request to the trial court asking that it enter a preliminary default against Wells Fargo on the reconventional demand, stating that Wells Fargo was served with the reconventional demand on January 24, 2011, but as of the date of the request, it had not filed an answer to the demand. Thereafter, on May 10, 2011, the trial court ordered entry of a preliminary default against Wells Fargo by way of a minute entry.
On May 17, 2011, the trial court held a hearing to confirm the preliminary default judgment entered against Wells Fargo, at the conclusion of which the trial court rendered judgment in favor of plaintiff in reconvention, Ms. Tonagel, and against Wells Fargo as prayed. The trial court signed a judgment on May 24, 2011, finding the allegations of fact and law as pled in the petition for injunction, motion to disqualify and reconventional demand for damages were well founded and that Ms. Tonagel had made a prima facie case warranting judgment as prayed for in the pleadings. The judgment ordered the seizure entered August 12, 2012, be vacated and ordered the Sheriff to return the property to Ms. Tonagel; ordered |4the mortgage loan be reinstated without penalty and that all penalties, fees, and charges by Wells Fargo be removed; disqualified Dean Morris, LLP and Charles H. Heck, Jr. from representing any party relative to these proceedings; awarded Ms. Tonagel damages totaling $75,000.00 and attorney’s fees in the amount of $5,000.00; and awarded treble damages for Wells Fargo’s fraud and/or unfair trade practices in violation of the Louisiana UTPA, La. R.S. 51:1401.
Wells Fargo subsequently filed a motion for new trial, asserting lack of notice as required by La. C.C.P. art. 1702(A); the absence of evidentiary support for the re *1265 lief sought by Ms. Tonagel; and the relief granted contravened applicable substantive law. Following a hearing on Wells Fargo’s motion, the trial court signed a judgment on November 23, 2011, granting a new trial in part as to the award pursuant to the UTPA and denied the motion for new trial as to all other issues. Thereafter, on December 21, 2011, the trial court signed an order, consented to by the parties, vacating the portion of the May 24, 2011 judgment awarding Ms. Tonagel treble damages and attorney’s fees for violation of the UTPA and ordering that the remainder of the court’s May 24, 2011 judgment shall remain in full force and effect and is designated as a pai’tial final judgment, finding no just reason for delay. Wells Fargo now appeals from the trial court’s judgment.[1]
[..DISCUSSION
Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in all other cases allowed by law La. C.C.P. art. 2631. Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both. La. C.C.P. art. 2642. When utilizing the injunction procedure, the petition for injunction shall be filed in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit, and the injunction proceeding shall be governed by the provisions of Articles 3601 through 3609 and 3612, except as provided in Article 2753. La. C.C.P. art. 2752.
In the instant case, Ms. Tonagel filed a Petition for Injunction of Judicial Sale in the executory proceeding, which also included a reconventional demand for damages and attorney’s fees for the wrongful seizure of the property at issue and for purported violations of the UTPA.[2] A defendant in a principal or incidental action *1266 must file an answer within fifteen days after service of citation upon him, except as otherwise provided by law. La. C.C.P. arts. 1001 and 1035. If a defendant in a principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. La. C.C.P. art. 1701(A). This judgment of default is commonly referred to as the “preliminary default.” See Power Marketing Direct, Inc. v. Foster, 05-2023, p. 10 (La.9/6/06), 938 So.2d 662, 669. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes. La. C.C.P. art. 1701(A).
Louisiana Code of Civil Procedure article 1702(A) sets forth two procedures for confirmation of a default judgment, with the defendant’s actions in the case determining the procedure to be utilized by the plaintiff. Power Marketing Direct, 05-2023 at p. 10, 938 So.2d at 669. If no answer is filed timely, the plaintiff may confirm the judgment of default after two days, exclusive of holidays, from the entry of the judgment of default. La. C.C.P. art. 1702(A). However, when a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default. La. C.C.P. art. 1702(A).
Courts have held that in order to obtain a valid confirmation of a default judgment, strict compliance with the procedural requirements of La. C.C.P. art. 1702(A) is required. See Nickens v. Patriot Home Systems, 97-0291, p. 5 (La.App. 1st Cir.6/29/98), 713 So.2d 1179, 1182; Jules v. Lege, 618 So.2d 1121, 1122 (La. App. 5th Cir.), writ denied, 629 So.2d 344 (La.1993). Further, if a judgment of default is confirmed before the expiration of the delay prescribed by statute, i.e., two legal days after entry of the preliminary default if no answer is timely filed or seven days after notice is sent if the defaulting party has made an appearance of record, the confirmation of the judgment of default is premature, and the judgment is null and invalid. Power Marketing Direct, 05-2023 at p. 11, 938 So.2d at 670. A final judgment shall be annulled if it is rendered against a 17defendant against whom a valid judgment of default has not been taken. La. C.C.P. art. 2002(A)(2); see also Power Marketing Direct, 05-2023 at p. 11, 938 So.2d at 670.
In the instant case, Ms. Tonagel requested on May 6, 2011, that the trial court enter a preliminary default against Wells Fargo on her reconventional demand, stating that service had been made on counsel for Wells Fargo on January 24, 2011, and that as of the date of its request, Wells Fargo had not filed an answer to its reconventional demand. On the same date, Ms. Tonagel also notified Wells Fargo by certified mail of her intent to seek a preliminary default. Thereafter, on May 10, 2011, the trial court entered a judgment of default against Wells Fargo, and following a hearing on May 17, 2011, confirmed the default judgment.
Wells Fargo asserts on appeal that the trial court erred in confirming a default judgment against it because Ms. Tonagel failed to comply with the notice requirements of La. C.C.P. art. 1702(A). Specifically, Wells Fargo asserts that Ms. Tona-gel failed to provide Wells Fargo with *1267 notice of the date of entry of the judgment of default by certified mail at least seven days before confirmation of the default judgment.
The Legislature added this particular notice requirement when it amended La. C.C.P. art. 1702(A) through Acts 2001, No. 512. The amendment specified that notice of the date of entry of the default judgment must be given to the party in default who made an appearance of record. Power Marketing Direct, 05-2023 at p. 15 n. 6, 938 So.2d at 672 n. 6. “Appearance of record” is intended to have the same meaning as in La. C.C.P. art. 1671, and includes filing a pleading such as any one or more of the exceptions, appearing at a hearing, and formally enrolling as counsel of record. Comments-2001 (b) to La. C.C.P. art. 1702. The purpose of this amendment is to conform default procedure to the rationale set forth in Russell v. Illinois Central Gulf Railroad, 96-2649 (La.1/10/97), 686 So.2d 817, that it is |8an “ill practice” to confirm a judgment of default, without notice, against a party that has already filed pleadings constituting an appearance of record in the litigation proceedings. Comments-2001 (a) to La C.C.P. art. 1702.
Wells Fargo initiated the executory proceeding, seeking the seizure and sale of the mortgaged property, and obtained an order from the trial court granting the requested relief. Ms. Tonagel filed a petition for injunction of judicial sale, motion to disqualify counsel, and reconventional demand for damages in the executory proceeding in defense of and in response to Wells Fargo’s action. Both actions arise out of the same seizure and sale of the property and concern an identical issue, i.e. the validity of the executory proceeding. Therefore, from our review of the record, and considering the plain language as well as the intent of the legislature in amending La. C.C.P. art. 1702(A), we find that the record demonstrates that Wells Fargo made an appearance of record in the litigation proceedings, and Ms. Tonagel was required to provide it with notice of the date of entry of the judgment of default by certified mail at least seven days, exclusive of holidays, before confirmation of the default judgment. See Russell, 96-2649 at pp. 2-3, 686 So.2d at 819 (finding it was an ill practice for a plaintiffs attorney to obtain a default judgment without attempting to notify the opposing attorney when the opposing attorney in an on-going petitory action had participated in the litigation proceedings); Power Marketing Direct, 05-2023 at pp. 18-19, 938 So.2d at 674 (finding it was an ill practice for plaintiff to fail to notify defendant of his intent to seek a default judgment given plaintiffs knowledge that defendant lacked notification and considering that defendant was actively prosecuting and defending its rights in Ohio litigation involving identical issues arising out of the same contractual dispute between the same parties); Duckworth Properties, L.L.C. v. Williams, 10-0244, pp. 5-6 (La.App. 4th Cir.11/24/10), 52 So.3d 287, 291 (finding it was an ill practice for plaintiff to take a default judgment against the ^defendant in one jurisdiction while a suit arising out of the same contractual dispute was pending in another jurisdiction.)
As evidenced by the record, Ms. Tonagel failed to provide Wells Fargo with notice of the date of the entry of the judgment of default by certified mail at least seven days, exclusive of holidays, before confirmation of the judgment of default. While Ms. Tonagel sent a letter by certified mail to Wells Fargo on May 6, 2011, enclosing its request to the clerk of court to enter a preliminary default, which was received by Wells Fargo on May 9, 2011, it does not notify Wells Fargo of the date of the entry of the judgment of default, which judgment was not entered until May 10, 2011. As *1268 previously noted, strict compliance with the procedural requirements of La. C.C.P. art. 1702(A) is required in order to obtain a valid confirmation of a default judgment. Therefore, because Ms. Tonagel failed to send the required notice to Wells Fargo, the judgment confirming the default is null. See Jackson v. Culotta, 10-879, p. 4 (La.App. 5th Cir.3/29/11), 62 So.3d 803, 804.[3]
CONCLUSION
For the foregoing reasons, we vacate the May 24, 2011 judgment confirming Ms. Tonagel’s default judgment and remand this matter to the trial court for further proceedings. All costs of this appeal are assessed to Diana Tonagel.
JUDGMENT VACATED AND REMANDED; WRIT DISMISSED; MOTION TO STRIKE DISMISSED.

. After reviewing the trial court’s May 24, 2011 judgment and the November 23, 2011 order certifying the judgment as final, and considering the overriding inquiry of whether there is no just reason for delay as well as the other non-exclusive criteria trial court's should use in making the determination of whether certification is appropriate, we find that the trial court properly certified the May 24, 2011 judgment as a final appealable judgment. See R.J. Messinger, Inc. v. Rosenblum, 04-1664, pp. 13-14 (La.3/2/05), 894 So.2d 1113, 1122; Motorola, Inc. v. Associated Indemnity Corp., 02-1351, p. 16 (La.App. 1st Cir. 10/22/03), 867 So.2d 723, 732.
In addition to filing the instant appeal, Wells Fargo also filed a supervisory writ with this court on December 27, 2011, seeking review of the trial court’s partial denial of its motion for new trial. In an interim order dated March 28, 2012, the previously filed writ application was referred to the panel to which the appeal is assigned. See Wells Fargo, N.A. v. Tonagel, 2011-2400 (La.App. 1st Cir.3/28/12), 117 So.3d 1263, 2013 WL 2456115 (unpublished writ action). However, because the May 24, 2011 judgment is a final, appealable judgment, and the writ application raises the same issues raised in the appeal currently before us, we hereby dismiss the writ application as moot. See Code v. Department of Public Safety and Corrections, 11-1282, p. 5 (La.App. 1st Cir. 10/24/12), 103 So.3d 1118, 1123 n. 6, writ denied, 12-2516 (La. 1/23/13), 105 So.3d 59.

. Because we find Ms. Tonagel failed to comply with the notice requirements for confirming the default judgment against Wells Fargo, we specifically do not address whether her reconventional demand is properly asserted in this executory proceeding. See La. C.C.P. art. 462; see also La. C.C.P. art. 2644 (noting that a plaintiff in an executory proceeding may convert it into an ordinary proceeding).

. Wells Fargo filed a motion to strike supplemental trial exhibits with this court on June 29.2012, requesting that this court issue an order striking documents added to the trial court record which it asserts were not previously filed with the trial court and were not properly authenticated or admitted. Because these documents allegedly relate to the confirmation of the default judgment, which judgment we have determined to be null, we dismiss the motion to strike as moot.