CHUTZ, J.
12Pefendant-appellant, Janet Leland, appeals from the confirmation of a default judgment awarding damages and ordering her to return a certain Boston Terrier to plaintiff-appellee, Kiley Wolfe. For the following reasons, we vacate the judgment confirming the default and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
On October 16,2014, Ms. Wolfe filed suit against ⅛ her mother, Ms. Leland, seeking the return of Ms. Wolfe’s Boston Terrier, Daisy Mae, and an award of damages. Ms. Wolfe alleged Ms. Leland intentionally took Daisy Mae from Ms. Wolfe’s home in Baton Rouge in May 2014 and transported her to Ms. Leland’s residence in Florida. She further alleged Ms. Leland refused to return Daisy Mae to Ms. Wolfe despite amicable requests that she do so. On February 19, 2015, the suit was personally served on Ms. Leland by a private process server, whose affidavit of service was filed into the record.
On March 4, 2015, Ms. Leland filed a “Motion for Extension of Time to File Responsive Pleadings” that began with the averment, “NOW INTO COURT comes Janet Leland made litigant herein....” In her motion, Ms. Leland requested forty-five additional days to seek legal counsel. In response, the trial court granted Ms. Leland fifteen additional days in which to file responsive pleadings. Ms. Leland did not file an answer to Ms. Wolfe’s petition.
Upon motion of Ms. Wolfe, the trial court entered a preliminary default against Ms. Leland on April 30, 2015. Ms. Leland was given -no notice of the preliminary default. A confirmation hearing was held on June 29, 2015. Thereafter, the prelimi-. nary default was -confirmed by judgment rendered by the trial court on July 6, 2015. The default judgment against Ms. .Leland ordered the immediate return of Daisy Mae to Ms. Wolfe and awarded her $2,500.00 in | ^damages. Ms. Leland now appeals suspensively, raising a single assignment of error.
DISCUSSION
On appeal, Ms. Leland argues the July 6/ 2015 judgment confirming the preliminary default was invalid because she was not given notice of the preliminary default as required by law. She maintains that having made an appearance in this matter by filing a motion for extension of time, she was entitled to receive the notice provided in La. C.C.P. art. 1702(A).
Louisiana Code of Civil Procedure article 1702(A) provides:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party *238 that is in default after having made an ' appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified: mail by the party obtaining the judgment - of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default. [Emphasis added.]
Strict compliance with’the procedural-requirements- of" Article 1702(A). is required in order to obtain a valid confirmation of a preliminary default. Wells Fargo Bank, N.A. v. Tonagel, 12-0380 (La. App. 1st Cir.6/7/13), 117 So.3d 1263, 1266. Under Article 1702(A), -when a party has made an appearance of record, that party must-be given notice by certified mail of the date of entry of the preliminary default judgment no less than seven days- before confirmation of the judgment of default. If a preliminary default is confirmed against a party who has made'an- appearance of record prior to the expiration of this statutory' delay, the confirmation of the default is premature, and the default judgment is invalid. Power Marketing Direct, Inc. v. Foster, 05-2023 (La.9/6/06), 938 So.2d 662, 670; Wells Fargo Bank, 117 So.3d at 1266.
Making an, appearance of record includes filing a pleading, appearing at a hearing, or formally enrolling as counsel of record. See La. C.C.P. art. 1671, 1997 Comment; Diamond v. Progressive Security Insurance Company, 05-0820 (La. App. 1st Cir.3/24/06), 934 So.2d 739, 744-45; Sam v. Feast, 00-1163 (La.App. 1st Cir.3/28/01) 802 So.2d 680, 683. Under La. C.C.P. art¡ 852, written motions are considered pleadings. Therefore, Ms. Leland’s filing of a motion for extension of time to file responsive pleadings constituted an appearance of record for the purposes of Article 1702(A). Jackson v. Culotta, 10-879 (La.App, 5th Cir.3/29/11), 62 So.3d 803, 804; Bethley v. National Automobile Insurance Company, 02-1572 (La.App. 4th Cir.2/12/03), 840 So.2d 608, 610.
Since Ms. Leland made an appearance of record prior to the confirmation of the preliminary default, she was entitled to the notice provided in Article 1702(A). After Ms, Leland failed to file a timely answer, Ms. Wolfe obtained a preliminary default on April 30, 2015, and confirmed that judgment of. default by .judgment signed on July. 6, 2015. However, the record is devoid of any evidence indicating Ms. Leland was given notice of the entry of the preliminary default at least -seven days prior to confirmation of the judgment of default, as required by Article 1702(A). Accordingly,, since strict compliance with the procedural requirements of Article 1702(A) is essential to a valid confirmation of a default judgmént, and those procedures were not followed in this matter, the judgment confirming the default judgment against Ms. Leland was premature and invalid, and it must be vacated. See Power Marketing Direct, 938 So.2d at 670; Wells Fargo Bank, 117 So.3d at 1266-68.
CONCLUSION
For the reasons assigned, we hereby vacate the July 6, 2015 judgment confirming the default judgment in favor of plaintiff-appellee, Kiley Wolfe, and against defendant-appellant,' Janet Leland. This matter is remanded to the trial | ¿court for further proceedings. All costs are assessed against plaintiff-appellee, Kiley Wolfe.
VACATED AND REMANDED.