# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2022 CA 0159

## ANDREW SNYDER

## VS.

## THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA AND FREDERICK JEFFERSON

Judgment rendered: **NOV 3 0 2022**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 651058

The Honorable Donald R. Johnson, Judge Presiding

* * * * *

| | |
|---|---|
| Danial C. Vidrine<br>Baton Rouge, Louisiana | Plaintiff-in-Reconvention<br>/Intervenor/Appellee |
| Danial C. Vidrine<br>Todd C. Comeaux<br>Baton Rouge, Louisiana | Attorneys for Plaintiff-in-<br>Reconvention/Appellee<br>Andrew Snyder |
| Charlotte C. McDaniel<br>Baton Rouge, Louisiana | Attorney for Defendant-in-<br>Reconvention/Intervenor/Appellant<br>E Eric Guirard, individually and<br>E Eric Guirard & Associates, LLC |

* * * * *

**BEFORE: McDONALD, McCLENDON, AND HOLDRIDGE, JJ.**

McDonald, J. Concurs in the result only and reassigns Reasons.

McClendon, J. concurs.

**HOLDRIDGE, J.**

The plaintiff-in-reconvention/intervenor, E Eric Guirard, individually and E Eric Guirard & Associates, appeals from the confirmation of a default judgment granted in favor of the defendant-in-reconvention, Andrew Snyder, and defendant-in-reconvention/intervenor Danial C. Vidrine. For the following reasons, we vacate the judgment confirming the default and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The issues on appeal arise from a dispute for attorney's fees between Mr. Guirard and his firm, E Eric Guirard and Associates, Inc., and attorney Danial C. Vidrine. Mr. Vidrine, while working with Mr. Guirard, filed the underlying lawsuit on behalf of Andrew Snyder in 2016. In 2018, issues arose between Mr. Guirard and Mr. Vidrine. Mr. Guirard claimed that Mr. Vidrine left employment with Mr. Guirard on November 7, 2018, and took eight client files with him, including Mr. Snyder's file. Mr. Guirard contended that Mr. Vidrine then breached his contract with Mr. Guirard by contacting the eight clients and getting the clients to sign new contracts with Mr. Vidrine.

By contrast, Mr. Vidrine alleged that Mr. Guirard approached him in 2018 due to the financial struggles of the Guirard firm. Mr. Vidrine alleged that the business model Guirard presented was that Mr. Vidrine would fund all of the litigation cases and Guirard would handle only the "non-litigation" cases. Further, Mr. Vidrine alleged that prior to terminating employment with Mr. Guirard, he returned from an out-of-state trip in 2018 and "discovered that all of the non-litigation files/cases were taken from his office" and that only "eight (8) Litigation cases" remained. Mr. Vidrine alleged that he received no fees from any of those cases taken from his office, which remained with Mr. Guirard. Mr. Vidrine alleged

2

that if any attorney's fees are due to Mr. Guirard for cases Mr. Vidrine was handling, any sums should be offset by attorney's fees due from those cases purportedly taken by Mr. Guirard.

On October 6, 2020, Mr. Guirard intervened in the underlying case. On February 2, 2021, Mr. Synder filed an answer to the intervention and Mr. Vidrine asserted a reconventional demand.[1] On March 16, 2021, Mr. Guirard filed an answer to Mr. Vidrine's' reconventional demand. On April 23, 2021, Mr. Vidrine and Mr. Snyder filed a "First Amending and Supplemental Reconventional Demand."[2] On August 6, 2021, Mr. Vidrine and Mr. Snyder filed a "Motion for Preliminary Default" against Mr. Guirard alleging that nothing had been filed by Mr. Guirard in reference to the "First Amending and Supplemental Reconventional Demand" and they were entitled to a preliminary default.[3] The trial court signed an order granting the preliminary default on August 11, 2021.[4] On August 25, 2021, the trial court held a confirmation hearing wherein the preliminary default was confirmed by judgment that same day. The default judgment was rendered against Mr. Guirard ordering him to pay sums to Mr. Vidrine and Mr. Snyder.[5]

---

[1] Although Mr. Vidrine filed a reconventional demand, the substance of it was a Petition for Intervention since he was intervening in the lawsuit to individually make a claim against Mr. Guirard. Louisiana is a fact pleading state that values substance over form and does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action. *Wheat v. Nievar*, 2007-0680 (La. App. 1 Cir. 2/8/08), 984 So.2d 773, 776. Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties. *Southeastern Louisiana University v. Cook*, 2012-0021 (La. App. 1 Cir. 9/21/12), 104 So.3d 124, 127-28. Thus, the incorrect designation of the reconventional demand does not prevent this Court from considering it as a Petition for Intervention. Therefore, for the purpose of this opinion, we shall consider Mr. Vidrine's reconventional demand as a Petition for Intervention.

[2] See Footnote 1.

[3] We note that a prior preliminary default was filed by Mr. Snyder and Mr. Vidrine against Mr. Guirard on May 26, 2021. Although the preliminary default was signed on May 28, 2021, no further action was taken by the parties.

[4] The order was served on Mr. Guirard on July 21, 2021.

[5] The default judgment rendered the following against Mr. Guirard:

**IT IS ORDERED, ADJUDGED AND DECREED,** that there be

3

In response, Mr. Guirard filed a "Motion for New Trial to Annul Judgment Taken by Fraud or Ill Practice and in the Alternative Notice of Appeal" arguing that the default judgment was a nullity because he was not provided proper notice in accordance with La. C.C.P. art. 1702(A).[6] Subsequently, Mr. Guirard suspensively appealed the August 25, 2021 judgment.[7]

## DISCUSSION

In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Arias v. Stolthaven New Orleans, LLC*, 2008-1111 (La. 5/5/09), 9 So.3d 815, 818. Therefore, we review final default judgments under the manifest error standard. *Id.*

In his appeal, Mr. Guirard argues that the trial court erred in confirming a default judgment against him because Mr. Snyder and Mr. Vidrine failed to comply

---

judgment herein in favor of [Mr.] Snyder and against [Mr. Guirard] in the amount of $27,441.52; said sum to be disbursed from the attorney fee funds held in trust by [Mr.] Vidrine.

**IT IS ORDERED, ADJUDGED AND DECREED**, that there be judgment herein in favor of [Mr.] Vidrine and against [Mr. Guirard] in the amount of $151,058.48; said sum to be disbursed from the attorney fee funds held in trust by [Mr.] Vidrine.

\*\*\*

**IT IS ORDERED, ADJUDGED AND DECREED**, that there be judgment herein in favor of [Mr.] Snyder and against [Mr. Guirard] based upon Fraud, in the amount of $27,441.52, said sum representing attorney fees.

**IT IS ORDERED, ADJUDGED AND DECREED**, that there be judgment herein in favor of [Mr.] Snyder and against [Mr. Guirard] based upon Fraud, in the amount of $3,000.00, said sum representing General Damages; together with legal interest from date of judicial demand until paid and for all costs of court.

[6] Louisiana Code of Civil Procedure art. 1702(A) provides, in pertinent part:

"When a preliminary default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the preliminary default must be sent by certified mail by the party obtaining the preliminary default to counsel of record for the party in default ... at least seven days, exclusive of holidays, before confirmation of the preliminary default."

[7] We note this Court issued a show cause order, *ex proprio motu*, as to whether the appeal should be dismissed. The appeal was maintained on May 31, 2022.

4

with the notice requirement of La. C.C.P. art. 1702(A). Specifically, Mr. Guirard argues that Mr. Snyder and Mr. Vidrine failed to provide him with notice of the date of entry of the default judgment by certified mail at least seven days before confirmation of the default judgment.

Louisiana Code of Civil Procedure article 1702(A)[8] provides:

> A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence. If no answer or other pleading is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the preliminary default. When a preliminary default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the preliminary default must be sent by certified mail by the party obtaining the preliminary default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the preliminary default.

Strict compliance with the procedural requirements of La. C.C.P. art. 1702(A) is required in order to obtain a valid confirmation of a preliminary default. If a preliminary default is confirmed against a party who has made an appearance of record prior to the expiration of this statutory delay for notifying the party by certified mail, the confirmation of the default is premature, and the default judgment is invalid. *Zanders v. Davis*, 2019-1057 (La. App. 1 Cir. 2/21/20), 298 So.3d 739, 743-44. "Appearance of record" is intended to have the same meaning as in La. C.C.P. art. 1671, and includes filing a pleading such as any one or more of the exceptions, appearing at a hearing, and formally enrolling as counsel of record.

---

[8] The judgment at issue was rendered when the revisions for La. C.C.P. art. 1702 under Acts 2017, No. 419, § 1., were in effect from August 1, 2017 to July 31, 2021. We note that La. C.C.P. art. 1702 has been revised in accordance with Acts 2021, No. 174 § 5, eff. Jan. 1, 2022 and Acts 2021, No. 259 § 2.

5

Comments–2001(b) to La. C.C.P. art. 1702; *Wells Fargo Bank, N.A. v. Tonagel*, 2012-0380 (La. App. 1 Cir. 6/7/13), 117 So.3d 1263, 1267.

After reviewing the record, we find that the record demonstrates that Mr. Guirard made an appearance of record in the proceedings and Mr. Snyder and Mr. Vidrine were required to provide him with notice of the default judgment by certified mail at least seven days, exclusive of holidays, before confirmation of the default judgment.[9] The record does not contain any evidence showing that notice was sent to Mr. Guirard.[10] See *Wells Fargo Bank, N.A.*, 117 So.3d at 1267.

Accordingly, we find that because Mr. Snyder and Mr. Vidrine failed to send the required notice as mandated by La. C.C.P. art. 1702(A) to Mr. Guirard, the August 25, 2021 judgment confirming the default is null. Therefore, it was erroneous for the trial court to issue a default judgment against Mr. Guirard because of this procedural error. See *Zanders*, 298 So.3d at 744. Thus, the August 25, 2021 judgment is vacated and this matter is remanded to the trial court for further proceedings.

## CONCLUSION

For the foregoing reasons, we vacate the August 25, 2021 judgment confirming the default judgment in favor of Andrew Snyder and Danial C. Vidrine

---

[9] Making an appearance of record includes filing a pleading, appearing at a hearing, or formally enrolling as counsel of record. *Wolfe v. Leland*, 2015-1556 (La. App. 1 Cir. 4/15/16), 193 So.3d 236, 238. Therefore, Mr. Guirard made an appearance of record for the purposes of Article 1702(A) when filing the following: (1) "Petition for Intervention and Notice of Proof of Claim"; and (2) "Answer to Reconventional Demand." See *Wells Fargo Bank, N.A.*, 117 So.3d at 1267.

[10] We note that even if notice had been given to Mr. Guirard pursuant to La. C.C.P. art. 1702(A), any judgment in Mr. Vidrine's favor as to Mr. Guirard is a nullity because Mr. Guirard filed an answer to Mr. Vidrine's Petition for Intervention. In this case, Mr. Guirard's answer was filed prior to the signing of the confirmation of the default judgment, and therefore the judgment awarding the sum of $151,058.48 to Mr. Vidrine is a nullity. *Price v. Kids World*, 2008-1815 (La. App. 1 Cir. 3/27/09), 9 So.3d 992, 995, n.2; *Ackel v. Ackel*, 2005-97 (La. App. 5 Cir. 5/31/05), 905 So.2d 1137, 1139.

6

and remand this matter to the trial court for further proceedings. All costs of this appeal are assessed to Andrew Snyder and Danial C. Vidrine.

**VACATED AND REMANDED.**

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## DOCKET NUMBER
## 2022 CA 1159

### ANDREW SNYDER

### VERSUS

### THE INSURANCE COMPANY OF THE
### STATE OF PENNSYLVANIA AND FREDERICK JEFFERSON

**McDONALD, J., concurring in the result only.**

The majority accurately points out the confusion created by the parties in this suit by improperly captioning their pleadings and in improperly labeling their party designations. However, by continuing to consistently incorrectly identify the pleadings and party designations of Mr. Guirard, his law firm, Mr. Snyder, Mr. Vidrine, and his law firm in its opinion, the majority only compounds the mess.

Thus, while I agree with the result reached in this matter in vacating the default judgments in favor of Mr. Snyder and Mr. Vidrine, and in remanding the matter to the trial court, I find the majority's reasoning flawed. The majority is correct that the confirmation of the default in favor of Mr. Snyder on his supplemental reconventional demand is null, because the required notice was not sent to Mr. Guirard and Mr. Guirard had made an appearance in the lawsuit. However, that is not the reason that the default judgment in favor of Mr. Vidrine is null. Mr. Vidrine filed an intervention in Mr. Snyder's suit, which he improperly captioned as a reconventional demand. Mr. Guirard filed an answer to that intervention. After Mr. Guirard filed an answer, Mr. Vidrine could not pursue a default judgment against Mr. Guirard, and, as such, the judgment is null. *See* La. C.C.P. art. 1702; *State v. 1979 Cadillac Deville,* 627 So.2d 729, 732, n.1 (La. App. 2 Cir. 1993); *Louisiana Hoop Co., Inc. v. Hood,* 292 So.2d 808, 810 (La. App. 1 Cir. 1974). Although acknowledging this important distinction in footnote 10 of its opinion, the majority maintains the position that the default judgment is a nullity solely because of the failure to provide notice to Mr. Guirard. I disagree.

For these reasons, I concur in the result only.